[Civ. No. 5064.   First Appellate District, Division Two.—April 27, 1925.]

AUGUST H. BAUMAN, Respondent, v. B. J. EDGAR, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—AUTOMOBILE COLLISION—NATURE OF DEFENDANT'S PLEA.—In an action for damages for personal injuries resulting from a collision between plaintiff's automobile and defendant's automobile, the plea of defendant that the plaintiff could have avoided the accident after he saw the danger is nothing more than a plea of contributory negligence on the part of the plaintiff.

[2] ID.—CONTRIBUTORY NEGLIGENCE—CHARACTER OF DEFENSE—BURDEN OF PROOF.—Contributory negligence is an affirmative defense by way of confession and avoidance.   By pleading it the defendant, in effect, confesses his own negligence and pleads by way of avoidance thereof that plaintiff's own negligence helped to produce his injuries.   In this defense the burden is upon the defendant to prove two things: (1) That the plaintiff was negligent; (2) that such negligence was a proximate cause of the injuries complained of. If he fails to prove either of these things this entire defense fails.

[3] ID.—FINDINGS—EVIDENCE.—In such action, there is sufficient evidence to sustain the finding of the trial court that the defendant was guilty of negligence and that the plaintiff was not guilty of contributory negligence.

---

(1) 29 Cyc., p. 583, n. 16 New.   (2) 29 Cyc., p. 601, n. 60, p. 604, n. 65 New.   (3) 28 Cyc., p. 47, n. 20.

2.   Burden of proof as to contributory negligence, note, 28 **Am. Rep.** 563.   See, also, 20 R. C. L. 181, 195; 19 Cal. Jur. 682.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Sea, Jr., for Appellant.

Louis Oneal and Maurice J. Rankin for Respondent.

NOURSE, J.—Plaintiff recovered judgment for $775 as damages for injuries received in a collision with the defendant's automobile. The cause was tried before the court, sitting without a jury, and all the allegations of negligence appearing in the plaintiff's complaint were found to be true, while the denials and allegations in defendant's answer were found untrue. The appeal is taken by the defendant from the judgment and is presented upon the judgment-roll and a bill of exceptions.

The only ground urged by the appellant is that the trial court erred in holding that the plaintiff was not responsible for the collision because he had the last clear chance to avoid it.

The facts of the case material to the appeal are that at about 7:30 A. M. the respondent was driving his automobile east on Fremont Avenue, in the county of Santa Clara, crossing the intersection with Saratoga Road, which road runs north and south. The two roads are paved and are of about equal width. At the same time the appellant was driving his automobile along Saratoga Road approaching from the south and crossing the intersection of Fremont Avenue going north. The plaintiff approached the intersection traveling at the rate of about seven to ten miles an hour, while defendant approached the intersection going at a rate of about thirty-five to forty miles an hour. The vision of both drivers was obscured by a house and a row of trees standing on the southwest corner of the intersection. When the plaintiff arrived at a point twenty-five feet west of the westerly line of Saratoga Road he could see south on Saratoga Road a distance of about thirty feet, and as he looked in that direction he was unable to see defendant as the latter had not yet come within his range of vision. He first saw defendant when the latter was approaching him at a high

rate of speed and about twenty feet distant. Plaintiff continued to cross the intersection past the median line of the intersection running north and south before defendant's car arrived at the southerly line of the intersection. The defendant continued on his course across the intersection and struck the car of the plaintiff toward the rear, just a little back of the center. The collision was with such force that plaintiff's car was thrown thirty feet from the point of collision and came to a stop in a ditch along the side of the highway, having been turned completely around from the direction in which it was proceeding at the time of the collision. The testimony regarding the speed at which the defendant was proceeding is in some conflict, but there is uncontradicted testimony to the effect that with his brakes set and his wheels completely locked his car skidded a distance of eighty-five or ninety feet along the highway before it came into contact with plaintiff's car.

The facts which we have outlined are, with the exception noted, uncontradicted. In respect to the speed maintained by the defendant two witnesses testified to the fact that the plaintiff's car was struck in the rear, thrown a distance of thirty feet, and that defendant's car skidded a distance of eighty-five or ninety feet with brakes fully set and wheels completely locked. These facts corroborate the direct testimony that defendant was approaching the intersection at a speed of thirty-five or forty miles an hour. The trial court's finding of the negligence of the defendant is amply supported by the evidence—a fact which is conceded on this appeal.

[1] The plea of the defendant that the plaintiff could have avoided the accident after he saw the danger is nothing more than a plea of contributory negligence on the part of the plaintiff. This plea raises the question whether the facts are such as to constitute contributory negligence in law or whether the issue is one to be left to the court or jury on the evidence.

[2] The rule in this regard is aptly stated in *Gett* v. *Pacific Gas & Elec. Co.*, 192 Cal. 621, 631 [221 Pac. 376, 380], where Mr. Justice Myers said: "Contributory negligence is in this state an affirmative defense by way of confession and avoidance. By pleading it the defendant, in effect, confesses his own negligence and pleads by way of

avoidance thereof that plaintiff's own negligence helped to produce his injuries. In this defense the burden is upon the defendant to prove two things: (1) that the plaintiff was negligent; (2) that such negligence was a proximate cause of the injuries complained of. If he fails to prove either of these things this entire defense falls.''

[3] Applying the foregoing rule to the case before us, it is apparent that the defendant failed in both instances. The plaintiff had the right of way within the provisions of section 20 of the Motor Vehicle Act (Stats. 1919, p. 215, the statute in effect at the time of the accident). The defendant approached the intersection at a rate of speed prohibited by section 22 of the same act. The plaintiff had the right to assume that the defendant would observe the law. There is nothing in the record to show contributory negligence as a matter of law on the part of the plaintiff. There is some conflict in the evidence as to the rate of speed and some conjectures have been made as to whether the plaintiff might have avoided the accident if he had done something different, but these are all matters of fact which the trial court was to determine from the evidence. There is sufficient evidence to sustain the finding of the trial court that the defendant was guilty of negligence and that the plaintiff was not guilty of contributory negligence.

Judgment affirmed.

Langdon, P. J., and Preston, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 25, 1925.

All the Justices present concurred.