[Civ. No. 281. Fourth Appellate District.—April 29, 1930.]

JOE RAPOLLA et al., Appellants, v. L. S. GOULART, Respondent.

G. L. Aynesworth and James W. Campbell for Appellants.

Ray W. Hays and C. W. Haswell for Respondent.

MARKS, J.—Plaintiffs are husband and wife. On June 4, 1928, at about 9 o'clock in the evening, Catherine Rapolla was riding in a Ford delivery truck driven by Alfonso Zargossa, north, on Blythe Avenue in the county of Fresno, state of California. Blythe Avenue intersects North Avenue at right angles. Defendant was driving his automobile in an easterly direction on North Avenue and the two cars collided in the intersection seriously injuring Mrs. Rapolla and damaging defendant's automobile. The plaintiffs brought this action for injuries to Mrs. Rapolla, and defendant, besides denying his negligence and alleging contributory negligence, filed a cross-complaint for damages to his automobile.

It was alleged by plaintiffs that Mrs. Rapolla was riding

with Zargossa as his guest. Defendant alleged that Zargossa was driving and operating the Ford truck as the agent of the plaintiffs and was acting within the scope of his employment at the time of the accident.

The trial court found that Zargossa was acting as the agent of the plaintiffs in driving the automobile and that he was then and there under the control and direction of Mrs. Rapolla. The trial court further found that the defendant was guilty of negligence in the operation of his automobile at the time of the accident and that Zargossa was also guilty of negligence which directly contributed to, and was the proximate cause of, the accident, and of the damage and injury of the plaintiffs. Upon these findings judgment was entered for the defendant, and the plaintiffs have prosecuted this appeal.

The witnesses in the court below evidently illustrated their testimony with a diagram or map of the scene of the accident and located the relative positions of the cars before and at the time of and after the accident by the use of various signs and marks on this map. It is not reproduced in the record, making it difficult for us to interpret and follow the details of the testimony of some of the witnesses. It is incumbent upon an appellant to produce a record showing error affirmatively, and attorneys should so try their cases, and prepare their records on appeal, that the errors, if any, may be easily recognized by the appellate court.

Plaintiffs complain of certain rulings of the trial court in sustaining objections to questions, the answers to which would tend to show the terms of the contract of employment of Zargossa, and also the conversation between Zargossa and Mrs. Rapolla, which would bear upon the question of whether or not she was his guest in the automobile trip at the time of the accident. The trial court sustained defendant's objections to these questions upon the ground that the evidence sought to be elicited was hearsay, the conversations not having taken place in the presence and hearing of the defendant.

The contract of employment of Zargossa was oral, and evidence tending to prove the terms of this contract must of necessity have been parol. The employment of Zargossa, together with its nature and the scope of his duties, was directly put in issue by the pleadings and was a fact to be

determined by the trial court. The terms of a parol contract can only be proved by parol, and this evidence should have been admitted. The same reasoning applies to the conversation between Mrs. Rapolla and Zargossa relating to· the automobile trip. Whether or not she was a guest of Zargossa was a fact to be determined by the trial court. The conversation between the two was admissible as from this conversation, among other things, the trial court would have to draw its conclusion as to whether or not Mrs. Rapolla was a guest in the automobile on this particular occasion. Where a fact, such as the existence of and the construction to be placed upon a parol contract is an issue in a case such as this, the conversation of the parties in fixing the terms of the contract is admissible, not as an exception to the rule against hearsay evidence, but as the best evidence obtainable upon the question at issue.

The rulings of the court complained of by plaintiffs, which we are considering, occurred principally during the examination of Mrs. Rapolla as a witness. Other witnesses for plaintiffs were allowed to testify concerning these same matters. It appears from the record that about eighteen months prior to the accident in question Zargossa was employed by Joe Rapolla to work on a farm owned by him. Zargossa was paid sixty dollars per month, together with his board and lodging. Joe Rapolla devoted a large part of his time to conducting a meat market. Catherine Rapolla operated another store and Zargossa took care of the farm. Besides the Ford delivery truck involved in the accident, the plaintiffs owned two other automobiles. Zargossa had driven these automobiles at different times and had assisted Joe Rapolla in the delivery of meats. He had also driven Catherine Rapolla around in the automobile at various times with the knowledge and consent of her husband. Upon these facts the trial court found that at the time of the accident in question Zargossa was acting as the agent of plaintiffs in driving the Ford truck.

This evidence was produced by the plaintiffs. Where the trial court makes an erroneous ruling excluding the evidence of one witness on a given point, but admits testimony of other witnesses produced by the same party on the same point, such evidence not being contradicted, the error is minimized, if not cured, and is not sufficiently prejudicial

to require a reversal of the judgment under the facts of this case.

▮ There was evidence before the trial court that Zargossa was using the Ford delivery truck on the night of the accident with the consent of Joe Rapolla. As said in the case of *Brown* v. *Chevrolet Motor Co.*, 39 Cal. App. 738 [179 Pac. 697, 698]: "Under the recent case of *McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417], and many authorities in other jurisdictions, proof of ownership of the automobile and its use at the time of the accident, under the permission of such owner, established a *prima facie* case of responsibility for the resulting injuries as against such owner."

The rule is also stated in Shearman and Redfield on Negligence, volume 1, section 158, sixth edition, as follows: "When the plaintiff has suffered injury from the negligent management of a vehicle, car or carriage, it is sufficient *prima facie* evidence that the negligence was imputable to the defendant, to show that he was the owner of the thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent contractor, or other person, for whose negligence the owner would not be answerable." (*McWhirter* v. *Fuller, supra; Squires* v. *Riffe,** (Cal. App.) 287 Pac. 360.)

Thus we have a disputable presumption of law that would attach any contributory negligence of Zargossa to the plaintiffs, or if not to Mrs. Rapolla, at least to her husband.

▮ "Against a proved fact, or an admitted fact, a disputable presumption has no weight, but where it is undertaken to prove the fact against the presumption, it still remains with the jury to say whether or not the fact has been proved; and if not satisfied with the proof offered in its support, they are at liberty to accept the evidence of the presumption." (*Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358, 362].)

---

*Reporter's Note.—A hearing was granted by the Supreme Court in the case of *Squires* v. *Riffe* on June 5, 1930.

Until the trial judge found that the evidence in the case successfully overcame this presumption, he was authorized to consider it as evidence and act upon it. The presumption remained before him during the trial, and he having found in accordance with it, the presumption remains before this court to support his findings. The only evidence offered by the plaintiffs to overcome this presumption was that of Joe Rapolla and Zargossa, which we have heretofore outlined. There is a strong inference from this testimony, if not a direct conclusion, that part of the duties of Zargossa's employment was to drive an automobile for Mrs. Rapolla.

█ "This court has frequently held that even though all the facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may fairly and reasonably be deduced from those facts, there still remains in the case a question of fact to be determined by the jury (or by the trial judge where the case is tried without a jury), and that the verdict of the jury or the finding of the trial judge thereon cannot be set aside by this court on the ground that it is not sustained by the evidence (*Anderson* v. *Los Angeles Transfer Co.,* 170 Cal. 66 [148 Pac. 212]). In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the support of the judgment (*Woodward* v. *Glenwood Lumber Co.,* 171 Cal. 513, 519, 520 [153 Pac. 951]; *Hassell* v. *Bunge,* 167 Cal. 365, 367 [139 Pac. 800]). 'In reviewing a question of this kind, all the inferences reasonably possible from the evidence favorable to the plaintiff (the prevailing party) must be indulged by this court.' (*Mah See* v. *North American Accident Ins. Co.,* 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42, 44]; *Wilbur* v. *Wilbur,* 197 Cal. 7 [239 Pac. 332].)''

█ . Under the authority of these decisions we believe the findings of the trial court as to the agency of Zargossa was supported by the evidence.

The plaintiffs were permitted to introduce evidence as to the conversation between Mrs. Rapolla and Zargossa. Mrs. Rapolla desired to visit a relative on the night of the accident. Zargossa was at her residence and when Mrs. Rapolla said that she was going to visit this relative Zargossa replied, ''I will take you.'' The two got into the automobile with Lena Cursi and started on the trip. Mrs. Rapolla and.

Zargossa were both permitted to testify to this conversation. Any error of the trial court in sustaining objections to questions calling for the conversation was cured by the subsequent rulings admitting the evidence from these same witnesses.

■ The evidence shows that the automobile in which Mrs. Rapolla was riding left the home of her relative on Blythe Avenue and proceeded north on this street to the intersection of North Avenue at a rate of speed below twenty-five miles per hour. Commencing at a point about three hundred yards west of its intersection with Blythe Avenue, North Avenue descended gently to the east. An automobile traveling this road was plainly visible for considerable distance before reaching Blythe Avenue. Mrs. Rapolla and Zargossa both saw defendant's car descend the grade. Zargossa testified that when he had about reached the south line of North Avenue he saw defendant's car a few yards west of the west line of Blythe Avenue. Both cars proceeded without stopping to the point of the collision, neither car traveling at a speed of over fifteen miles per hour. Defendant testified that the headlights of plaintiff's car were not lighted and that he did not see this automobile until just about the time of the collision. His testimony on this point was corroborated by the testimony of other witnesses. It was denied by several witnesses for plaintiffs. The court, however, had sufficient evidence before it to find that at the time of the accident, which was more than one-half hour after sunset, Mrs. Rapolla was riding in a car without its headlights being illuminated. The operation of an automobile at such a time and place without its headlights burning is negligence *per se* (secs. 99, 100, California Vehicle Act [Stats. 1923, p. 546]).

■ Plaintiffs ask us to hold that under the facts of this case Mrs. Rapolla was under no legal obligation to warn Zargossa of any danger apparent at or near the intersection as she was a guest in the automobile and had a right to suppose the driver would exercise due care and caution for the protection of both of them, citing the rule laid down in the case of *Central of Georgia R. R. Co.* v. *Watkins,* 37 Fed. (2d) 710, to the effect that an invited guest riding in an automobile has no duty to direct the movements of a driver unless the guest has knowledge of a danger unknown, or

not obvious, to the driver. (*Krause* v. *Rarity*,* (Cal. App.) 285 Pac. 879.) We do not believe that this statement of the law is applicable under the facts of the case we are considering. In the first place, the trial court found that Zargossa was the agent and servant of plaintiffs, which takes the case without the rule. In the second place, the court was justified in concluding that the Ford truck was traveling without headlights at the time of the accident. While it may not be necessary for a guest to warn a driver of a perfectly apparent danger that he could or did observe, still if it became apparent to the guest that the driver did not observe the danger it became her duty to take reasonable precautions for her safety and warn him. It would be negligence for one to knowingly ride with a driver who could not see, and equally negligent for one to knowingly ride with a driver who refused to see. It is also equally negligent for one to ride with a driver while knowing that he was obviously violating the law by driving an automobile on the highway at night without lights. As was said in the case of *Randolph* v. *Hunt, supra:*

"If the owner of an automobile lends his machine to another and on invitation becomes a passenger therein, in the absence of any agreement to the contrary, the owner has the right, and, indeed, it is his duty to prevent, if possible, the driver from operating the machine in a reckless and dangerous manner and in violation of law. He cannot sit idly by and refrain from remonstrances, at least, while knowing that the driver is thus endangering the lives of others. If he has the opportunity to restrain the driver and fails to take advantage of it, he should be held responsible for the consequences. This is the just view, and it is supported by the authorities. The general rule is stated in 28 Cyc. 38, as follows: 'Where an injury is inflicted by the use or operation of a motor vehicle, upon the public highway the owner thereof is liable to respond in damages therefor, if the vehicle was being operated by such owner or was under his control. . . . In all cases where the owner is present he will be responsible for injuries sustained by third

---

*REPORTER'S NOTE.—A hearing was granted by the Supreme Court in the case of *Krause* v. *Rarity* on April 17, 1930. The opinion of the Supreme Court is reported in 210 Cal.

persons .unless the operator disobeys instructions as the owner is in law in control of the vehicle.' ''

Plaintiffs complain of the findings of the trial court that Zargossa was the agent of both of them because the evidence shows that he was hired by Joe Rapolla. Any money recovered by the plaintiffs in this case would be community property and the negligence of either spouse contributing to the injury would bar the recovery of both. (*McFadden* v. *Santa Ana R. R. Co.*, 87 Cal. 464 [11 L. R. A. 252, 25 Pac. 681] ; *Dunbar* v. *San Francisco etc. Rys.*, 54 Cal. App. 15 [201 Pac. 330].) As the plaintiffs were husband and wife at the time of Zargossa's employment and at the time of the accident, and if, as found by the court, the driving an automobile for Mrs. Rapolla was one of the duties of his employment, it makes no difference whether he was the agent of one or both of the plaintiffs. The negligence of the agent within the scope of his employment is the negligence of the principal, and the contributory negligence of either or both of the plaintiffs would bar their recovery.

The rulings of the trial court complained of by the plaintiffs are not sufficiently prejudicial to require a reversal of the judgment, and the findings and judgment are supported by competent evidence.

Judgment affirmed.

Barnard, Acting P. J., and Owen, J., *pro tem.*, concurred.