[Civ. No. 7750. First Appellate District, Division Two.—August 27, 1931.]

JOHN SALVO, Appellant, v. MARKET STREET RAILWAY COMPANY (a Corporation), Respondent.

340

John H. Crabbe for Appellant.

Wm. M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Respondent.

NOURSE, P. J.—Plaintiff sued for personal injuries resulting from a collision between a motor vehicle which he was operating and a street-car operated by defendant. The cause was tried with a jury. A verdict was returned for defendant and plaintiff appeals from the judgment on the verdict and from the order denying his motion for a new trial.

At about 6:35 A. M. on May 1, 1929, plaintiff was driving his automobile easterly along Lakeview Avenue, in San Francisco, and, as he approached the intersection of San Jose Avenue he stopped and took on a passenger. Lakeview Avenue ends at the westerly line of San Jose. It is eighty feet in width from curb to curb; San Jose is seventy-feet in width and meets Lakeview at right angles, running in a northerly and southerly direction. Plaintiff approached the intersection in second gear at a rate of speed of not more than five miles per hour and continued at the same rate of speed into San Jose Avenue, attempting to make a left-hand turn into that avenue in order to proceed northerly to his destination. The defendant operates a double track line of street-cars on San Jose Avenue located approximately in the center of that thoroughfare. As plaintiff was making his turn upon the westerly, or south-bound tracks his machine was struck by a car operated by defendant proceeding southerly. The plaintiff and his passenger were both injured. They testified that they did not see the approaching street-car until about the moment of impact and that they heard no bell or other warning of danger. The defendant denied negligence on its part and pleaded contributory negligence of plaintiff.

The foregoing facts, which are fully supported in the evidence, are sufficient to sustain the jury's verdict; hence it is not necessary to refer to the conflicting testimony of the eye-witnesses to the collision. It is sufficient to say

that, if the jury believed the facts as related, they returned the proper verdict.

The case is controlled by general principles which are quite simple in their application to the particular state of facts appearing in the record. Appellant was attempting to make a left-hand turn into a widely used thoroughfare along which two lines of street railways were operated. He was thoroughly familiar with the intersection. His view of all traffic approaching from the north on San Jose Avenue was clear for a distance of two or three blocks as soon as he reached the intersection. He was traveling in second gear at not more than five miles an hour, at which rate he could have stopped in a distance of four or five feet. He did not see the approaching street-car until he was on the tracks and the car was about ten feet away. Thus, from the time he passed the intersection, and for a distance of thirty feet or more, he proceeded without looking to his left—the direction from which danger might be expected. Hence, in utter disregard of the provisions of the Vehicle Act which required him to first see that a left turn could be made in safety, and without the exercise of the slightest care or caution for his own safety, he put himself in a position of danger through his own negligence. The record discloses without doubt that this was the view taken by the jury when they returned to the court for further instructions on "whether the degree of negligence counts and what we should do in the event both are negligent". The trial judge correctly instructed them that if they found that both parties were negligent and that plaintiff's "negligence contributed proximately to his injury, then plaintiff cannot recover". The jury retired and returned with a verdict for defendant and we cannot but assume that they found plaintiff guilty of contributory negligence.

Cases in which similar circumstances have been held to constitute contributory negligence are *Hamlin* v. *Pacific Elec. Ry. Co.*, 150 Cal. 776, 782 [89 Pac. 1109]; *Stein* v. *United Railroads*, 159 Cal. 368, 377 [113 Pac. 663]; *Read* v. *Pacific Elec. Ry. Co.*, 185 Cal. 520 [197 Pac. 791]. We do not need to determine whether the facts of this case constitute contributory negligence as a matter of law. The rule controlling is that when the issue of contributory negligence has been submitted to the jury under proper

instructions and the jury finds for the defendant we may not disturb the verdict when we find that the evidence is sufficient to support it unless independent errors of law are shown.

■ The appellant states that the issue of contributory negligence was not properly pleaded. The answer alleged as a separate defense that the injuries to plaintiff "were proximately caused by said carelessness and negligence (of plaintiff) and that said carelessness and negligence proximately contributed thereto". The form of the pleading does not merit judicial approval, but, though the pleading is open to criticism, the trial was conducted throughout upon the theory that this defense was properly alleged, and the objection cannot now be urged on appeal. (*Schuh* v. *R. H. Herron Co.*, 177 Cal. 13, 18 [169 Pac. 82] ; *Jones* v. *Pacific Gas & Elec. Co.*, 104 Cal. App. 47, 50 [285 Pac. 709], where other authorities are cited.)

■ Appellant criticises the instruction which advised the jury that if they found that he "was guilty of any contributory negligence which proximately *in any degree* contributed to cause the injuries, *et cetera*" they must find for the defendant. The trial judge had defined contributory negligence and proximate cause and had instructed the jury that there were no degrees of negligence or contributory negligence involved in the case. Appellant's criticism is without merit. (*Strong* v. *Sacramento & P. R. R. Co.*, 61 Cal. 326, 328; *Metcalf* v. *Pacific Elec. Ry. Co.*, 63 Cal. App. 331, 334 [218 Pac. 486].) ■ As to the suggestion that the instruction omitted consideration of the "last clear chance" doctrine, it is sufficient to say that the appellant did not present that issue, did not propose an instruction to cover it, and that there is no evidence which would justify its application. (*New York Lub. Oil Co.* v. *United Railroads*, 191 Cal. 96, 99 [215 Pac. 72].)

■ Appellant criticises that portion of the instructions which advised the jury that a street-car had a paramount, though not exclusive, right of way over ordinary vehicles upon that portion of the street upon which it can travel. The instruction was in harmony with all the authorities. In *Shipley* v. *San Diego Elec. Ry. Co.*, 106 Cal. App. 659 [289 Pac. 662, 664], the court say: "The rights and duties of the users of the public streets are reciprocal, subject to the

duty of free vehicles to yield a clear right of way to the operation of the street-car over its tracks when necessary." *Lawyer* v. *Los Angeles Pac. Co.*, 161 Cal. 53, 56 [118 Pac. 237], *Haber* v. *Pacific Elec. Ry. Co.*, 78 Cal. App. 617, 636 [248 Pac. 741], *Hamlin* v. *Pacific Elec. Ry. Co.*, 150 Cal. 776, 779 [89 Pac. 1109], are in accord.

█ The instruction which advised the jury that it was not negligence on the part of the motorman to fail to sound a warning signal when the approach of the car was seen by appellant is not generally a correct statement of the law. But in view of the record which discloses that the jury found both parties negligent and returned their verdict on the basis of appellant's contributory negligence, we cannot say that this instruction was prejudicial.

█ The instruction covering the duty of the motorman upon being confronted with a sudden emergency correctly stated the law. (*Bibby* v. *Pacific Elec. Ry.*, 58 Cal. App. 658, 662 [209 Pac. 387].)

The instruction covering the duty of the operator of the motor vehicle was in full accord with the provisions of the state vehicle act and was properly given. As we have heretofore said, appellant's failure to obey these simple regulations was the proximate cause of the accident. The application of the statute to a case of this character is made plain in *New York Lubricating Co.* v. *United Railroads*, 191 Cal. 96, 100 [215 Pac. 72].

The foregoing instructions covered the subject matter of those proposed instructions which were refused and which the appellant insists should have been given. For the reasons herein given relating to the instructions criticised the proposed instructions were properly refused.

█ The appellant presents three assignments of error arising out of rulings upon the admission of testimony. First, the appellant was asked upon his direct examination whether he had a conversation with the motorman immediately after the impact. He answered yes and then was asked to state the conversation. Objection was made on the ground that it was hearsay and no part of the *res gestae*. This objection was sustained. Attacking the ruling appellant cites *Lloyd* v. *Boulevard Express Co.*, 79 Cal. App. 406, 411 [249 Pac. 837], and similar cases holding such conversations admissible. To the contrary are *Williams* v.

*Southern Pac. Co.*, 133 Cal. 550, 555 [65 Pac. 1100, 1102];
*Durkee* v. *Central Pac. R. R. Co.*, 69 Cal. 533, 535 [58 Am. Rep.
562, 11 Pac. 130]; *Willard* v. *Valley Gas & Fuel Co.*, 171
Cal. 9, 16 [151 Pac. 286]; *Zohner* v. *Sierra Nevada Life etc.
Co.*, 114 Cal. App. 85 [299 Pac. 749]; and similar cases.
The pith of these decisions (which, we may add, unques-
tionably represent the majority view), is found in the
Williams case where the Supreme Court say: "Expressions
of persons who are actors, *made during the occurrence,* may
generally, but not always, be proved. If spontaneous, and
caused by the event, they may nearly always be shown.
But if, afterwards, *no matter how shortly afterwards,* there
is an attempt to explain what has happened, or to account
for it, or to defend one's self, or the like, it is incompetent;
and inadmissible as *res gestae.*" (Emphasis ours.)

Applying this rule to the case at hand we find that
appellant failed to present to the trial judge the surround-
ing circumstances which would have shown whether the con-
versation was had "during the occurrence". Ordinarily a
conversation between those who are not parties to the action
is hearsay and inadmissible for that reason. When a party
seeks to present evidence of a conversation which is an ex-
ception to that rule it is incumbent upon him to show
to the court the reasons for the exception. Appellant failed
to do this at the time the objection was made. On his
motion for a new trial he filed an affidavit stating that he
proposed to show that the motorman said he was looking
at his watch and so failed to see appellant approaching
the track. This was "an attempt to explain what has
happened" and manifestly was not "made during the oc-
currence" but was made some time after both vehicles had
come to a standstill and when the motorman and the appel-
lant were standing in the street talking over the collision.
Hence, the appellant having failed to lay the proper founda-
tion for his question, the objection was properly sustained.

█ Error is laid to the ruling permitting respondent
on cross-examination of the witness Archini to bring out
that she had a suit pending against the parties to this
action based upon the same collision and that in her com-
plaint she charged this appellant with negligence. The wit-
ness was a guest riding with appellant at the time of the
collision. She appeared as his witness and gave testimony

favorable to him. The cross-examination was for the purpose of impeachment and was proper. This rule is statutory (Code Civ. Proc., sec. 2052).

█ Under the same section of the code appellant's third objection to these rulings falls. He was asked in rebuttal what Dr. Bohm, a witness for respondent, had told him after the doctor's first examination of the appellant. It is now argued that this was asked for the purpose of impeaching Dr. Bohm. But no foundation was laid as required by the section cited.

█ The motion for a new trial was made upon the usual grounds, including "newly discovered evidence". This new "evidence" consists of tests of speed of other street-cars running on San Jose Avenue subsequent to the date of the accident. If any admissible evidence of this character was found after the trial it would have been cumulative of that offered at the trial to prove negligence on the part of the respondent. It would not have been sufficient to demand a verdict for the appellant because there is ample evidence in the record upon which the jury could find against the appellant on the issue of contributory negligence. There was no abuse of discretion in denying the motion. (*Parker* v. *Southern Pac. Co.*, 204 Cal. 609, 618 [269 Pac. 622].)

We find no error in the record.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1931.