[Civ. No. 6620. Second Appellate District, Division One.—September 21, 1931.]

W. G. WHITE, Administrator, etc., Respondent, v. W. S. SHEPARDSON, Appellant.

Forrest A. Betts and Paul Nourse for Appellant.

E. B. Drake for Respondent.

CONREY, P. J.—The accident occurred at the intersection of two highways near Azusa in Los Angeles County. The defendant was driving a Cadillac automobile going west on Fifth Street, and William F. White, now deceased, was driving a Dodge automobile going south on Los Angeles Street. The plaintiff, as administrator of the decedent's estate, brought the action as permitted by statute, on behalf of the heirs at law, viz., the widow and children and said William F. White. Pursuant to the verdict of a jury, judgment was entered against the defendant, and he appeals therefrom.

At the time of the accident there were only five persons present. White was alone in the Dodge car. In addition to defendant Shepardson, in the other car, there were his wife, their daughter, Mrs. McCook, and their son, J. B. Shepardson. The evidence is sufficient to establish actionable negligence of the defendant. The questions open for discussion on this appeal relate to the defense of contributory negligence, which was duly pleaded by the defendant.

The plaintiff in presenting his evidence anticipated the contributory negligence defense by offering evidence for the purpose of proving that the decedent was not negligent in the driving of his automobile at the time and place of the accident. In addition to the circumstantial evidence that arose from the condition of the automobiles and of the street immediately after the accident, the plaintiff offered testimony of the plaintiff concerning the habits of decedent in relation to the manner of driving his car at the intersection in question, and at other places, prior to the time of the accident. The witness, being a son of the decedent, testified that he had at various times been present with decedent while the latter was driving his car over the intersection, and other intersections also, and that on those occasions his father drove slowly across the said intersections, and looked both ways. This evidence was received in the face of objections to the competency, relevancy and materiality of such evidence. The defendant, and Mrs. Shepardson, and their son all testified to facts which were in themselves sufficient to establish negligence of decedent. The place where this event occurred is what is commonly known as a blind crossing. On each of the four corners there were

trees which obstructed the view of persons approaching the intersection. Under such conditions, under the terms of the California Vehicle Act, the lawful speed for driving · an automobile at such intersection was limited to fifteen miles per hour. According to the testimony of these witnesses decedent came to the crossing at a speed of at least thirty-five miles per hour and continued over the crossing at that speed. Against this evidence, otherwise uncontradicted, there was only the aforesaid testimony of the plaintiff, together with the presumption that the decedent took ordinary care of his own affairs. (Code Civ. Proc., sec. 1963, subd. 4; *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529].) The case thus stands in a condition such that while the evidence is legally sufficient to sustain the implied finding that decedent was not guilty of contributory negligence, nevertheless the evidence in favor of the defendant on that issue is so strong that if said testimony of the plaintiff William G. White was improperly received, the error of the court in admitting the evidence would be extremely prejudicial, and therefore it would follow for that reason that the judgment should be reversed.

As authority in support of the ruling of the trial court admitting in evidence the testimony concerning the cautious habit of the decedent in driving his car over said intersection, and in other like situations, respondent relies principally upon the decision of the Supreme Court in *Wallis* v. *Southern Pac. Co.*, 184 Cal. 662 [15 A. L. R. 117, 195 Pac. 408]. The court there not only sustained the ruling admitting the evidence, but suggested that "if the fact of the existence of habits of caution in a given particular has any legitimate evidentiary weight, the party benefited ought to have the advantage of it for whatever it is worth, even against adverse eye-witnesses". However, in that case the court considered that the defendant's objection was limited to the condition that the evidence introduced was inadmissible if there was direct evidence of eye-witnesses to the ·fact, and then held that, "accepting this theory of the law, we doubt if the foundation appears in the evidence here to exclude this testimony". In *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270, 281 [201 Pac. 599, 603], where the trial court had permitted the plaintiff to introduce evidence as to the previous conduct and habit of the conductor of

defendant's car as to sitting down and talking to passengers, the Supreme Court held that such evidence was improperly received, not only because of the fact that the matter was not in issue, but also because of the fact that his conduct was not competent to establish the condition at the time of the accident. Referring to the Wallis case, the court said: "We need not here consider the effect of the exception to this general rule considered in *Wallis* v. *Southern Pac. Co.,* 184 Cal. 662 [15 A. L. R. 117, 195 Pac. 408], where circumstantial evidence only is relied upon, and there are no eye-witnesses." In *People* v. *Crossan,* 87 Cal. App. 5, at page 14 [261 Pac. 531, 535], this court gave some attention to the Wallis case and the Starr case, and arrived at the following conclusion: "We are unable to put any other construction on the language just quoted from the Starr case than that the court intended to withdraw the *dicta* contained in the Wallis case, and limit the inadmissibility [admissibility] of habit evidence to cases where circumstantial evidence only is relied on and there are no eye-witnesses. . . . Since the Starr case is a deliberate and carefully considered expression of the Supreme Court on this point, we feel bound to follow it, regardless of any opinion we might otherwise entertain on the matter, and hold that the trial court erred in admitting this habit evidence." It is evident that in the preceding quotation we should have used the word *admissibility*. It was pointed out that in the case then before us there were witnesses to the facts, as they actually occurred at the time of the transaction in which the fatal accident occurred, wherein the defendant was accused of manslaughter in the commission of a lawful act which might cause death, without due caution and circumspection. On account of this and other errors the judgment was reversed. A rehearing of said cause was denied by the Supreme Court.

In view of the law as above stated, and taking into consideration the fact that there were eye-witnesses to the transaction now under review, including the actual conduct of the deceased, we think that the court erred in overruling the objections of defendant and in admitting said testimony. The fact that said eye-witnesses were not "plaintiff's witnesses" should not be accepted as adding anything to plaintiff's rights with respect to such testimony. The record shows that when the testimony was offered and the ob-

jections made the decision in *Wallis* v. *Southern Pacific Co.*, *supra*, was brought to the attention of the judge by plaintiff's counsel, and we cannot doubt that the ruling of the court at the time was based principally upon that decision.

The judgment is reversed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 16, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1931.