[Sac. No. 4771. In Bank.—February 15, 1934.]

MINNIE BOONE, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

Hugo McKinley and L. B. Schlingheyde for Appellant.

George Angels, *in pro. per.*, C. Ray Robinson and James D. Garibaldi for Respondents.

WASTE, C. J.—This is an action for damages for the wrongful death of plaintiff's adult son, resulting from a collision between decedent's motorcycle and the rear end of a wagon loaded with farm implements, being driven by the defendant Angels along a public highway in Merced County. The defendant bank held a chattel mortgage on the wagon

and its contents. It was plaintiff's theory, in joining the bank as a defendant, that Angels was the agent of the bank. This theory is founded on the. fact that Angels, pursuant to directions from the bank and because of his financial inability to further carry on his farming operations was, at the time of the accident, proceeding to a warehouse for the purpose of there storing the wagon and its contents in order to preserve them as security under the bank's chattel mortgage. The conclusion we have reached, and the fact that the jury brought in a verdict against the plaintiff and in favor of both defendants, makes it unnecessary for us to determine whether plaintiff upon the trial had satisfactorily established the relation of principal and agent between the defendants. For present purposes we shall assume, without deciding, that this relationship existed between the parties.

Upon this appeal from the judgment the plaintiff contends that the court below committed reversible error when, over objection, it permitted two of the defense witnesses to testify as to the decedent's habit or custom for an extended period just prior to the accident of repeatedly and continuously driving his motorcycle at excessive rates of speed over and along the highway upon which and in the vicinity at which the accident occurred. With this evidence excluded the appellant urges there is no evidence of contributory negligence on the part of the decedent.

■ It appears that both vehicles were proceeding along a straight highway in a northerly direction when decedent ran his motorcycle into the rear of the wagon being driven by the defendant Angels. The accident occurred shortly after 6 o'clock on the evening of December 17, 1931. An almanac introduced in evidence indicates that the sun had set at 4:41 P. M. on that day. There is evidence to the effect that it was "dusk" or "almost dark" at the time of the accident. The defendant Angels admitted on the stand that his wagon was not equipped with a light. It is undisputed that the headlight on the decedent's motorcycle was lighted prior to and at the time of the accident and was capable of throwing a beam of light a considerable distance ahead of the vehicle. It was also shown that a motorcycle traveling at a speed of forty-five miles an hour, the maximum legal rate of speed, can be stopped within a distance

of sixty feet. We are satisfied that the jury on this evidence, and without considering the "habit" evidence here complained of, might reasonably conclude, and in view of the verdict it will be presumed they did so conclude, that had decedent been operating his motorcycle in a careful and prudent manner, and had he been attentive to surrounding conditions, he would have been aware of the presence of the wagon on the highway and by the exercise of reasonable diligence could have averted bringing his motorcycle into collision therewith. This would appear to be so in view of the testimony that the highway was straight for a considerable distance either side of the scene of the accident, and that it was not yet dark, but merely "dusk", and particularly in view of the defendant Angels' testimony, which under the verdict we are bound to accept, that it was "daylight" and visibility good.

We are therefore of the opinion that there is sufficient in the record, exclusive of the "habit" evidence, to support the verdict and judgment. This latter evidence, if properly admitted, and we think it was under the circumstances of this case, tends further to support the reasonableness and propriety of the jury's verdict herein. The rule now appears to be crystallized in this state that evidence of habit, i. e., evidence tending to show that an individual had the habit of doing a specific act in a careful or careless manner, is admissible when there are no eye-witnesses to an accident and when the evidence is not too remote as to time and is limited to habit at the approximate place of the accident and under circumstances substantially similar to those in controversy. Some of the cases dealing with and announcing this rule of evidence are: *Wallis* v. *Southern Pac. Co.*, 184 Cal. 662–672 [195 Pac. 408, 15 A. L. R. 117] ; *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270–281 [201 Pac. 599] ; *People* v. *Crossan*, 87 Cal. App. 5–15 [261 Pac. 531] ; *Blackford* v. *Beckworth*, 90 Cal. App. 37–40 [265 Pac. 514] ; *Gorman* v. *County of Sacramento*, 92 Cal. App. 656–663 [268 Pac. 1083] ; *Lindsey* v. *Pacific Elec. Ry. Co.*, 111 Cal. App. 482–499 [296 Pac. 131]. Examination of the cited cases discloses that in those instances where evidence of habit was held to have been improperly admitted there were eye-witnesses to the accident who testified upon the very issue sought to be established by the habit evidence or

the evidence of habit was too remote to give it any probative value. Such is not this case. Here there were no eye-witnesses to the accident and no one testified as to the rate of speed at which the decedent was traveling at the time of the accident. True, the defendant Angels testified that as he was driving along the highway he heard a noise and upon looking back saw a motorcycle approaching about 500 hundred feet to the rear of his wagon. He then states that he proceeded to drive and turn his wagon so that its two right wheels would be off in the dirt to the right side of the paved portion of the highway. The collision followed almost immediately. Nowhere has the defendant Angels testified as to the speed at which the decedent's motorcycle was traveling at the time of the accident. The record is also singularly free of such testimony from plaintiff's witnesses. This is necessarily so in the absence of eye-witnesses. Plaintiff's witnesses merely gave the approximate speed of the motorcycle as it passed them several miles from the scene of the accident. This being so, and in the absence of testimony of eye-witnesses as to the speed of the decedent's motorcycle at the time of the accident, we are satisfied that "habit" evidence was admissible for whatever probative value the jury desired to attach to it, as tending to establish the decedent's usual and customary mode of operating the vehicle. This evidence concerned itself with decedent's method of operating his motorcycle at excessive speeds on the same highway upon which the accident occurred, and in the vicinity thereof, and covered a period of time immediately preceding the accident. It was not therefore so remote, under the authorities, as to make it inadmissible.

The judgment is affirmed.

Curtis, J., Thompson, J., Shenk, J., Tyler, J., *pro tem.*, and Spence, J., *pro tem.*, concurred.

SEAWELL, J., Concurring.—I am in accord with the judgment of affirmance. I do not, however, subscribe to the proposition that "habit" has the force of evidence only in cases where there are no eye-witnesses and is inadmissible in cases where there are such witnesses to an accident.

The court or jury should be permitted to weigh it against the testimony of one or any number of witnesses. Surely, if it is to be regarded as having any evidentiary force at all, it should prevail against the testimony of a single discredited witness. I see no reason, if it is to be received in courts of law as evidence, why its application should be limited to cases in which there are no eye-witnesses.