[Civ. No. 9821. Second Appellate District, Division Two.—September 25, 1935.]

LUMAN S. DUNHAM, Respondent, v. CANTLAY & TANZOLA, INC. (a Corporation), et al., Appellants.

George P. Kinkle for Appellants.

Clyde C. Shoemaker for Respondent.

GOULD, J., *pro tem.*—When defendants' truck, loaded with fuel oil, crashed through traffic gates and into a freight car on top of which plaintiff was riding as brakeman, plaintiff in falling or being thrown from the car by the force of the impact suffered injuries for which a trial jury awarded him $7,500 damages.

Defendants' appeal concerns itself for the most part with alleged contradictions in plaintiff's testimony; with the claim that he and his employer, Pacific Electric Railway Company, were guilty of contributory negligence such as to bar any recovery; with the contention that plaintiff's injuries resulted from his own independent act in jumping from the freight car to the ground, and with the claim that the jury's verdict was based on speculation and surmise. As to all of these matters it is sufficient to say that there is substantial evidence in the record to sustain the verdict of the jury, and

with such conclusion we cannot interfere under such circumstances.

Appellants also complain that the trial court excluded evidence of other accidents at the same crossing, happening before and after the one which gave rise to this suit. In such ruling the trial court was correct. Such evidence is only admissible when there are no eye-witnesses to the accident. (*Boone* v. *Bank of America Nat. Trust & Sav. Assn.*, 220 Cal. 93 [29 Pac. (2d) 409].) In the present case numerous persons were present at the time of the collision and were called as witnesses at the trial.

Objection of appellants to the court's instructions with relation to the "imminent danger" doctrine is not well taken. Such instructions became appropriate when defendants claimed that plaintiff was injured, not by being thrown from the freight car by force of the collision but by voluntarily jumping from his place of safety on top of the car to the ground. There was thus presented to the jury the issue as to whether he was thrown from the car or whether, faced with possible injury by remaining on the car, he attempted to escape an imminent danger by leaping to a place of supposed safety. With such an issue raised by the evidence, instructions relating to the law governing that situation became not only appropriate but necessary.

Of more importance is appellants' argument relating to the meaning of the word "inflammable", as used in section 135 of the California Vehicle Act. This section as amended in 1931 (Stats. 1931, p. 2127) provides that "the operator of any motor truck carrying . . . explosive or inflammable liquids of any specific gravity . . . shall before crossing at grade any track or tracks of a steam railroad or interurban or suburban electric railroad, bring his . . . truck to a full and complete stop within not less than ten nor more than fifty feet from the nearest rail of the track nearest to the front of such . . . truck". In this case it was conceded that the truck involved in the collision was approaching an electric railroad track, that the truck was loaded with 5,466 gallons of a liquid petroleum product commonly known as "light fuel oil", having a flash point of 186 degrees Fahrenheit, and that the truck did not make the stop as it approached the railroad tracks.

The court gave this instruction, among others, upon the subject: "If the cargo of the truck was not 'inflammable liquid' then it was not the duty of defendant . . . to bring his truck to a stop before crossing the tracks in question under the terms of the California Vehicle Act, and in the absence of other circumstances requiring him to stop, he would not have been guilty of negligence in proceeding across the tracks. The word inflammable means 'capable of being easily set on fire; easily kindled, combustible'." Appellants strenuously contend that by defining the term "inflammable" as "combustible" the trial judge removed from the jury the possibility of determining whether or not the contents of the truck made it necessary for the driver to bring it to a full stop as he approached the railroad crossing. Appellants admit that the contents were "combustible", that is, capable of being burned; and as a matter of fact the oil which spilled from the overturned truck, whether kindled by the gasoline from the broken fuel tanks or by a spark from the impact of the truck and freight car, did burn and create a conflagration in the street for an hour or more after the collision. "Inflammable", according to appellants' contention, has a much narrower meaning than "combustible"; it should be limited to such meanings as "easily kindled", "easily set on fire", "readily burning", and the like. In fact, appellants requested that the court give an instruction "that the word 'inflammable' does not mean merely capable of burning, but rather it has the meaning of 'readily burning' or 'easily set on fire' ".

Lexicographers do not determine the question. In Webster's International Dictionary "combustible" is given as one of the definitions of the word "inflammable"; and the word "inflammable" is likewise one of the definitions of the word "combustible". Funk & Wagnalls Standard Dictionary does not use the words interchangeably. "Inflammable" is there defined as "easily set on fire".

But regardless of the definition to be given to the word "inflammable", and even assuming that the trial court herein gave it too broad a scope by identifying it with the word "combustible", nevertheless appellants were not injured by the instruction. Without dispute, the contents of the truck did ignite at the time of the collision or within a few minutes thereafter, resulting in a great conflagration and

giving an apt illustration of the dangers resulting from a collision involving a truck carrying inflammables. From the evidence in this case the only reasonable conclusion that can be reached is that the contents of the truck were in fact inflammable. If there was error in the instruction, appellants not being injured thereby, may not complain.

Other instructions to which appellants object have been examined, but we find no merit in the points raised. No objection is made to the verdict upon the ground that the damages awarded are excessive.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.