[Civ. No. 9944. First Appellate District, Division One.—October 3, 1936.]

THEODORE C. LINDE et al., Respondents, v. EUGENE H. EMMICK, Appellant.

Edmund Scott for Appellant.

John R. Tyrrell and W. L. A. Calder for Respondents.

GRAY, J., *pro tem.*—The right front wheel and fender of a Cadillac sedan then being driven northerly by the appellant on the Bayshore highway near Brisbane in the county of San Mateo struck a Pontiac coupe, also headed northerly, on its left side near the door and the junction of the front fender and running board. Respondent Linde, the driver of the Pontiac, and respondent Trafford, his passenger, each received injuries whose extent is not here questioned. To recover damages they filed a joint complaint, in which each, in a separate count, alleged that appellant's negligence proximately caused his injuries. Appellant's answer denied such negligence and affirmatively pleaded that each respondent was contributorily negligent. The court found that appellant was negligent but failed to find on the defense of contributory negligence. Accordingly judgment was entered against appellant and in favor of respondents for amounts which the former does not now dispute. However, in this appeal from the judgment he does assert that the evidence is insufficient to support the finding of negligence, and that reversible error was committed in the failure to find on his plea of contributory negligence and in the admission of certain testimony.

In stating the evidence, so as to pass upon his first two contentions, such testimony as he claims was inadmissible will be omitted and reserved for later and separate consideration. In the vicinity of the accident the Bayshore highway runs approximately north and south and consists of four traffic lanes.

A filling station is located westerly of the highway. Immediately to the north of this station a county road to Brisbane enters the highway at an acute angle. The accident happened on the 4th of July at about 9:30 P. M. The holiday had been generally celebrated in Brisbane. Respondent Linde testified he had left Brisbane for San Francisco about noon and had returned about 6 P. M. While in San Francisco he had drunk two glasses of beer, and after his return to Brisbane he had drunk four or five glasses of beer. He denied he was intoxicated. A friend was injured in a drunken fight. Accompanied by respondent Trafford he started, in his Pontiac, to take his friend to a hospital in South San Francisco. After going south about a quarter of a mile the friend wished to return to Brisbane and so, making a U-turn, he drove northerly towards Brisbane in the outside or most easterly traffic lane. When about one hundred yards south of the filling station he looked to his rear, saw no automobile following, signaled a left turn and turned into the inside traffic lane. He gave a slow signal and then a signal for a left turn for fifty to seventy-five feet, but did not look to his rear, and came practically to a stop opposite the filling station to let an approaching southbound automobile pass. The Pontiac then faced north with its left side parallel and close to the center line of the pavement and with its front wheels cramped to make a left turn into the county road when the oncoming automobile had passed. While in this position the Pontiac was struck by the Cadillac and respondent Linde became unconscious.

Respondent Trafford testified that the friend was seated between Linde and himself, that the friend was drunk, fidgeted considerably and had to be held by him to be kept from collapsing. He stated that although he smelled beer on Linde's breath he did not appear to him to be drunk. He remembered that Linde stopped in front of the filling station and that he saw the lights of the approaching southbound automobile and yelled to Linde to stop. He did not remember the ride down and back on the highway. Several witnesses for respondents testified that although they did not see the actual impact, they heard its crash, saw the Pontiac forced across and off the pavement, turned around and over, and observed the skid marks of the Cadillac astride the center line of the highway and one hundred and

forty feet in length. Six witnesses who had seen Linde at various times within the two hours preceding the accident each expressed the opinion that he was sober.

According to appellant, before the accident he was traveling at a speed of forty miles per hour on the right-hand side of the center of the highway in either of the two north-bound lanes. His lights were in good condition and burning. Although he was looking straight ahead he did not see any lights or standing car ahead of him. His right front wheel and fender came in contact with the other car. He put his brakes on automatically when he hit, and stopped his car within twenty-five or thirty feet from the point of collision. When stopped, the rear wheels of his car were on the center line of the highway, and the front wheels were in the first southbound lane. Appellant's companion stated that he was driving on the right-hand side of the highway at between thirty-five and forty miles per hour, with his lights burning. When some distance from the point of collision she saw a car, without lights and facing north, parked opposite the filling station. Immediately before the impact she did not see any car or lights although she was looking straight ahead. Appellant's automobile traveled about twenty feet after the collision and stopped about the center of the highway, facing to the left at an angle. Two traffic officers who arrived about 10 P. M. observed appellant's skid marks which they estimated to be thirty to thirty-five feet in length. Each also testified that Trafford, when they saw him at the hospital, was intoxicated. Another witness, called by appellant, smelled alcohol on Linde's breath when he got into his car. Two physicians who observed Linde after his arrival at a hospital testified that his breath and vomit smelled very strongly of alcohol.

As was said in *Leo Ying* v. *Pickwick Stages System*, 117 Cal. App. 312 [3 Pac. (2d) 597], of a similar accident, the question as to whether or not the driver of an over-taking automobile is negligent in striking an automobile which is ahead in the right half of the roadway, preparatory to making a left turn, presents a question of fact for the decision of the trial court and its decision on conflicting evidence is final and conclusive. In operating an automobile over a public highway, its driver, under ordinary circumstances, cannot run down a vehicle proceeding in the same

direction without having been negligent in the operation of his automobile unless it appears that the collision was due to the negligent conduct of the driver of the other vehicle. The mere fact that he does run down the vehicle ahead of him furnishes some evidence that he was either traveling at too high a rate of speed or following too closely. (*Gornstein* v. *Priver*, 64 Cal. App. 249 [221 Pac. 396].) The trial judge was not compelled to accept appellant's estimate of his speed but was entitled to infer, from the length of his skid marks (*Coughman* v. *Harman*, 135 Cal. App. 49 [26 Pac. (2d) 851]), and from the force of the impact (*Bauman* v. *Edgar*, 72 Cal. App. 448 [236 Pac. 943]), that his actual speed exceeded such estimate. Even if the court believed that appellant's speed was five miles under the maximum of forty-five miles per hour permitted in the locality of the accident by subdivision (b) 7 of section 113 of the California Vehicle Act, yet it could have found that such speed was negligent because under the circumstances it was not careful and prudent as required by subdivision (a) of the same section. Appellant was bound to anticipate that he might meet vehicles at any point of the highway, and in order to avoid a charge of negligence he was bound to use ordinary care and keep his machine under such control as would enable him to avoid a collision. (*Boccalero* v. *Wadleigh*, 113 Cal. App. 376 [298 Pac. 526].) If appellant had driven in the most easterly lane, as required by section 122 of the act, he could have passed to the right of the Pontiac as permitted by section 125 (c) and thus avoided the accident. Therefore there is sufficient evidence to support the finding of negligence.

Respondents seek to justify the failure to find on the defense of contributory negligence by arguing (1) that such defense was pleaded in a form which was insufficient to raise an issue and, (2) that under the evidence any finding thereon must have been adverse to appellant and therefore he was not injured by such failure. ■ The defense was pleaded substantially in a form which has been held demurrable but otherwise sufficient to tender an issue if the parties proceed to trial thereon. (*Griswold* v. *Pacific Electric Ry. Co.*, 45 Cal. App. 81 [187 Pac. 65] ; *Salvo* v. *Market Street Ry. Co.*, 116 Cal. App. 339 [2 Pac. (2d) 585].) If there is any evidence which would support a finding in favor

of such defense it was reversible error to fail to find thereon. (*Maxwell* v. *Auto Stage Co., Inc.,* 46 Cal. App. 548 [189 Pac. 710].) On the other hand, if the evidence fails to show any contributory negligence appellant cannot complain of such omission. (*Platt* v. *Okamoto,* 95 Cal. App. 297 [272 Pac. 613].) ▉ Appellant contends that there is evidence which would support findings that the Pontiac was operated by respondent Linde in violation of sections 99, 106, 112, 130 (a) and 136½ of the California Vehicle Act. Of course, a violation of any of these sections would constitute negligence as a matter of law. The only evidence as to whether or not the headlights, as required by section 99, or the rear light, as required by section 106, of the Pontiac were lighted, was given by appellant and his companion who each testified that they did not see such lights burning. This negative testimony is sufficient to support a finding that they were not lighted (*Keena* v. *United Railroads,* 197 Cal. 148 [239 Pac. 1061]; *Rapolla* v. *Goulart,* 105 Cal. App. 417 [287 Pac. 562]), and if so, that Linde was negligent. Such negligence was imputable to his passenger, respondent Trafford, if he knew of the absence of such lights. (*Pope* v. *Halpern,* 193 Cal. 168 [223 Pac. 470]; *Rapolla* v. *Goulart, supra.*)

▉ Respondent Linde's admission of drinking beer in itself alone is insufficient to prove that he was under the influence of intoxicating liquor when he drove the Pontiac, as prohibited by section 112. (*State* v. *Noble,* 119 Or. 674 [250 Pac. 833].) Standing alone, the testimony of a bystander and two doctors that they smelled alcohol on his breath is not proof that Linde was under its influence. (*Critzer* v. *Donovan,* 289 Pa. 381 [137 Atl. 665]; *State* v. *Wheelock,* 218 Iowa, 178 [254 N. W. 313].) In the absence of evidence showing that the beer affected him, a finding that he operated his automobile while under the influence of intoxicating liquor was unauthorized. (*People* v. *Dingle,* 56 Cal. App. 445 [205 Pac. 705].)

▉ According to his own testimony, respondent Linde, before slowing practically to a stop in the second lane, failed to look to his rear, although he gave both a slow and a left-turn signal. Under section 130 (a), it was his duty not only to give the signals, but also to first see if he could decrease his speed with safety before so doing, and he could have been held negligent in not looking to his rear. (*Peel*

v. *California Belting Co., Inc.*, 108 Cal. App. 93 [291 Pac. 219].) His negligence, however, could not be imputed to · respondent Trafford because, although both were equally interested in taking their injured friend to a hospital, he had no control over the operation of the Pontiac. (*Morrissey* v. *Kirkelie*, 5 Cal. App. (2d) 183 [42 Pac. (2d) 361].) ▮ It is undisputed that the two respondents and the friend were seated in the single seat of the Pontiac and that the friend was drunk, moved restlessly and had to be held in position. From testimony as to Linde's inquiries of his friend as to his condition it might be inferred that Linde's attention was thus distracted from his driving. The trial court could well have found that the presence of three persons in the driver's seat interfered with Linde's control over the driving mechanism of the vehicle and that therefore both respondents violated section 136½. It is apparent that appellant was entitled to a finding as to the truth or falsity of his defense of contributory negligence and the judgment must be reversed for the failure so to do. (*Woodworth* v. *Morgan*, 4 Cal. App. (2d) 488 [41 Pac. (2d) 186].)

Appellant assigns error in the admission over his objections of the following testimony. ▮ Linde's testimony that the only effect of the beer upon him was to quench his thirst was admissible. (*Bidwell* v. *Los Angeles etc. Ry. Co.*, 169 Cal. 780 [148 Pac. 197].) ▮ The unpaid bills for medical and hospital services produced by Linde while testifying did not prove the reasonable value of such services and were insufficient to support an award therefor. (*Latky* v. *Wolfe*, 85 Cal. App. 332 [259 Pac. 470].) ▮ The testimony of a bystander that the injured friend was killed in the collision was admissible as part of the *res gestae* and was relevant on the issue of speed as showing the force of the impact. (*Anderson* v. *Matt*, 223 Mich. 534 [194 N. W. 599]; *Judd* v. *Rudolph*, 207 Iowa, 113 [222 N. W. 416, 62 A. L. R. 1174]; *Feltz* v. *Terminal Railroad Assn. of St. Louis*, 336 Mo. 790 [81 S. W. (2d) 616]; *Duprat* v. *Chesmore*, 94 Vt. 218 [110 Atl. 305]; *State* v. *Ramos*, 159 Wash. 599 [294 Pac. 223].) The possibility that such evidence might create sympathy for respondents or prejudice against appellant furnished no ground for its rejection. (*Martin* v. *Pacific Gas & Electric Co.*, 203 Cal. 291 [264 Pac. 246].) ▮ Linde's testimony, that his knowledge

of the dangerous traffic conditions usually present at the scene of the accident would make him more cautious, and that of his witnesses that he was a careful, cautious driver, were inadmissible as evidence of habit because Linde had fully described his actual operation of the Pontiac. (*Boone* v. *Bank of America N. T. & S. Assn.*, 220 Cal. 93 [29 Pac. (2d) 409]; *White* v. *Shepardson*, 116 Cal. App. 716, 717 [3 Pac. (2d) 346].)

Two experts were permitted, over appellant's objections, to express their opinions that if a Cadillac of the type and weight of appellant's car, equipped with non-skid tires and occupied by two persons of average weight, skidded on dry, level concrete pavement for one hundred fifty feet after the application of its brakes, its speed at such application was sixty-five or seventy miles per hour. The objections were (1) that the matter was not a subject of expert testimony, (2) that the witnesses were not qualified as experts and (3) that the facts stated in the hypothetical question were incorrect and incomplete. Whether it is proper for an expert to express an opinion of speed, based upon the length of skid marks, seems not to have been decided in this state, although the propriety of such opinion was intimated in *Coughman* v. *Harman*, *supra*. In *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195 [215 Pac. 675], it was held permissible for an expert to express an opinion as to the distance in which a car of designated make traveling at a specified speed could be stopped. This opinion would seem to be the converse of the present one. Although in *Everart* v. *Fischer*, 75 Or. 316 [145 Pac. 33, 147 Pac. 189]; and in *Nelson* v. *Hedin*, 184 Iowa, 657 [169 N. W. 37], the opinion of an expert was held inadmissible, the weight of authority allows an expert to give his opinion as to speed based upon the length of skid marks. (*Jackson* v. *Vaughn*, 204 Ala. 543 [86 So. 469]; *McKinney* v. *Wintersteen*, 122 Neb. 679 [241 N. W. 112]; *Fannon* v. *Morton*, 228 Ill. App. 415; *Heidner* v. *Germschied*, 41 S. D. 430 [171 N. W. 208]; *Stamper* v. *Scholtz*, (Tex. Civ. App.) 29 S. W. (2d) 883; *Luethe* v. *Schmidt-Gaertner Co.*, 170 Wis. 590 [176 N. W. 63].)

As to his qualifications, each witness testified that, over a period of thirty years as to one and twenty years as to the other, he had driven practically every make of

foreign and domestic automobile over all kinds of roads and under various traffic conditions, and had tested brakes of various cars, including Cadillacs similar to that of appellant, to ascertain the distance in which its brakes would stop an automobile on concrete pavement similar to that on which appellant was driving his Cadillac at the place of the accident. The qualifications of a witness to testify as an expert are matters within the discretion of the trial judge and his ruling thereon will not be disturbed in absence of abuse. (*Gaumnitz* v. *Indemnity Ins. Co.*, 2 Cal. App. (2d) 134 [37 Pac. (2d) 712].) The above testimony appears to be sufficient to qualify the witnesses as experts. (*Heidner* v. *Germschied, supra.*) ■ The hypothetical question erroneously assumed that the length of skid marks was one hundred fifty feet instead of one hundred forty feet as shown by the evidence, and also omitted the important factor of the condition of the brakes. ■ One of these witnesses was also allowed to express his opinion, based on the damage to each car and its position when stopped, that the Cadillac struck the Pontiac at an angle of forty-five degrees; that the impact would tend to throw the Cadillac to the left, which movement appellant could not have prevented. The fallacy and inadmissibility of such opinion is well pointed out in *Fishman* v. *Silva*, 116 Cal. App. 1 [2 Pac. (2d) 473], and in *Johnston* v. *Peairs*, 117 Cal. App. 208 [3 Pac. (2d) 617].

The judgment is reversed.

Tyler, P. J., and Knight, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 30, 1936.