[Civ. No. 16453.   Second Dist., Div. Three.   Dec. 29, 1948.]

JOHN H. BRISCOE et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

C. W. Cornell, O. O. Collins, Malcolm Archbald and John H. Gordon for Appellant.

Button, Herzog & Butts for Respondents.

VALLÉE, J.—Appeal by defendant from two judgments entered upon verdicts of a jury, one in favor of plaintiff, Roemmich, for damage to his automobile, the other in favor of

plaintiff, Briscoe, for damages for personal injuries. The damage to the automobile and the personal injuries resulted when a motor coach of the defendant collided with an automobile driven by the plaintiff Briscoe, owned by the plaintiff Roemmich. The complaint alleged negligence of the defendant. The answer denied negligence and alleged contributory negligence. The two judgments were entered in the same action. ■ There should have been only one judgment. (*Nicholson v. Henderson*, 25 Cal.2d 375, 378 [153 P.2d 945].) The error, however, is of no consequence in the present case.

· Appellant claims that (1) the evidence does not support the implied finding of negligence, (2) the plaintiff Briscoe was guilty of contributory negligence as a matter of law, (3) the court erred in giving an instruction requested by the plaintiffs.

The evidence, stated most favorably to respondent, establishes these facts: The accident occurred on July 5, 1946, about 11:30 a. m. in the 1300 block on Santa Monica Boulevard in Santa Monica. Santa Monica Boulevard runs in a general northeasterly and southwesterly direction at the scene of the accident. We will refer to it as running east and west for simplicity. It is divided by white lines into six traffic lanes—two parking lanes, one on each side of the street, and four active traffic lanes, two lanes for westbound traffic and two lanes for eastbound traffic, with a double white line in the center of the street. Thirteenth Street is the first intersecting street east of the scene of the accident. Briscoe was driving west. A 14-year-old boy was sitting in the rear seat. As Briscoe passed the intersection of 13th Street he was traveling about 15 miles an hour in the lane next to the parking lane on the north side of the boulevard. There were cars in the parking lane next to the curb. He was going to a brake shop located on the left or south side of the street. After he crossed 13th Street he slowed down to 10 miles an hour. When he had proceeded about 100 feet from the intersection he looked in the rear view mirror, saw nothing, extended his arm to make a left turn and progressed at an angle into the westbound traffic lane next to the double white line. He kept his arm extended for a left turn, advanced about 50 feet in the center lane at which time he started to turn toward the brake shop. As he was turning to go across the south half of the street to the brake shop his car was struck by defendant's motor coach.

At the moment of impact Briscoe's car was going about two or three miles an hour. It was headed "a little bit south-

east." The front wheels of his car had crossed to the left over the double line. The back part of the car was on the center lane of traffic that went west. As Briscoe was proceeding from 13th Street he observed the highway to his rear through the rear view mirror and did not at any time see anything. The Briscoe car was thrown forward about 50 feet. When the car came to rest the motor coach and the car were jammed together. The left side and both fenders of the car were completely ruined. The boy in the back seat of the automobile testified that Briscoe had his left hand "out all the time" before the collision. He (the boy) either "just looked around or looked out the back window" and saw the "bus" when it was about 10 or 15 feet away. Then the driver applied his air and "the bus hit the car."

The motor coach was traveling west in the lane next to the double white line. There were no other vehicles in front of the coach in this lane. The Briscoe car and the motor coach were the only vehicles traveling west in the immediate vicinity. The driver of the motor coach first observed the Briscoe car when the coach was just across 13th Street "a little bit." He was going to pass the Briscoe car. He testified that when he first saw the Briscoe car his speed was 25 miles an hour and at the moment of impact it was 20 miles an hour. It was about 85 feet from the point where he first saw the Briscoe car to the point of impact.

█ The evidence supports the implied findings of negligence and of the absence of contributory negligence. The jury could, and no doubt did, infer that: the driver of the motor coach did not use ordinary care in its operation; he was not alert or watchful; if he had been he would have seen Briscoe's extended arm; he looked and did not see what was in plain sight; he failed in his duty to keep a proper lookout for the movements of the Briscoe car; if he saw the movements of the car he negligently did not reduce the speed of the coach. The jury could reasonably infer that: Briscoe at all times exercised ordinary care and did not do any act which a reasonably prudent person would not do; he did not fail to do anything which a reasonably prudent person would have done; he did not turn his car until he could do so with reasonable safety; he proceeded at a proper and reasonable rate of speed and gave ample and all necessary warning of his intention to turn.

█ It is true as appellant says that the mere fact that an accident happened, considered alone, will not support an in-

ference that any party to the action was negligent. (*Miller* v. *Cranston,* 41 Cal.App.2d 470, 476 [106 P.2d 963].) The court so instructed the jury. ▮ We have here much more than the mere happening of an accident. Under ordinary circumstances a driver of a motor coach on a public highway does not run down a vehicle proceeding in the same direction without having been negligent in his operation of the coach unless it appears that the collision was due to the negligent operation of the other vehicle. The mere fact that the motor coach collided with the plaintiffs' car ahead of it is some evidence that the driver of the coach was either traveling at too high a rate of speed or following too closely. (*Linde* v. *Emmick,* 16 Cal.App.2d 676, 682 [61 P.2d 338].) ▮ The jury was not compelled to accept the estimate of the driver of the coach as to his rate of speed. It could infer from the testimony of Briscoe, that of the boy, the force of the impact, and the condition of the car after the accident, that his actual speed exceeded that estimate. (*Bauman* v. *Edgar,* 72 Cal. App. 448, 450 [236 P. 943].) ▮ It was the duty of the coach driver to anticipate that he might encounter vehicles at any point on the highway and to use ordinary care and keep his coach under such control as would enable him to avoid a collision. (*Boccalero* v. *Wadleigh,* 113 Cal.App. 376, 379 [298 P. 526].) ▮ Under the evidence the question of contributory negligence was one of fact for the jury. (*Samuelson* v. *Siefer,* 62 Cal.App.2d 320, 325 [144 P.2d 879] ; *Barlow* v. *Crome,* 44 Cal.App.2d 356, 359 [112 P.2d 303].)

▮ The court, at the request of plaintiffs, gave the jury the following instruction: ''The issues to be determined by you in this case are these: First: Was the defendant negligent? If you answer that question in the negative, you will return a verdict for the defendant. If you answer it in the affirmative, you have a second issue to determine, namely: Was that negligence the proximate cause of any injury to the plaintiff? If you answer that question in the negative, plaintiff is not entitled to recover, but if you answer it in the affirmative, you then will find what damage plaintiff thus has been caused to suffer and return a verdict in his favor for the amount thereof. As indicated in this instruction, you should first determine the question of liability before you undertake to fix an amount that would compensate for damage [, if any,] found to have been suffered.'' This is a so-called formula instruction. It was error to give it because it was incomplete in that the element of contributory negligence was omitted.

We are of the opinion, however, that the error was not prejudicial.

The court carefully instructed the jury on all phases of the case. They were instructed to consider all of the instructions together and as a whole, "and to regard each in the light of all the others." Contributory negligence was correctly defined and explained to them in five separate instructions, both before and after the challenged instruction, and they were told several times that if the plaintiff Briscoe was guilty of contributory negligence the plaintiffs could not recover. One of the instructions, given at the request of defendant, was as follows: "The defendant Pacific Electric Railway Company, by its answer, presents two defenses: 1. That the Railway Company was not guilty of any negligence whatsoever. 2. That the accident and resultant injuries, if any, and damages, if any, by the plaintiff sustained were caused by the failure of the plaintiff John H. Briscoe to exercise ordinary care to avoid the accident and for his own safety and for the safety of the automobile owned by the plaintiff Theodore Roemmich, and that the said accident was proximately contributed to and caused by the failure of the plaintiff John H. Briscoe to exercise ordinary care. If you find from the evidence that the accident was caused without any negligence on the part of the defendant Pacific Electric Railway Company, then, regardless of all other questions, your verdict must be for that defendant; or, if you believe that at the time and place of the accident in question the plaintiff John H. Briscoe was guilty of negligence and such negligence proximately contributed in any degree, no matter how slight, to the happening of the accident, then your verdict must be for the defendant Pacific Electric Railway Company."

While there are cases, a few of which counsel has cited to us, holding that an erroneous formula instruction compels a reversal, the rigid rules formerly applicable to formula instructions have been greatly relaxed and modified in recent years. Where, as here, the jury has been fairly, fully, and correctly instructed, has not been misled or confused, and where the omitted element has been fully, fairly and correctly covered by other instructions, a judgment will not be reversed because of a failure to include any one element in a formula instruction. (*Barham* v. *Widing*, 210 Cal. 206, 217 [291 P. 173] [omission of the words "carelessly and negligently"]; *Hoffman* v. *Southern Pac. Co.*, 215 Cal. 454, 459 [11 P.2d 387] [failure to inform jury of plaintiff's neces-

sity to "stop, look and listen" before crossing railroad tracks] ; *Miner* v. *Dabney-Johnson Oil Corp.*, 219 Cal. 580, 582 [28 P.2d 23] [omission of the element of contributory negligence in an imminent peril instruction] ; *Walsh* v. *Maurice Mercantile Co.*, 20 Cal.App.2d 45, 48 [66 P.2d 181] [element of ordinary care omitted] ; *Dawson* v. *Boyd,* 61 Cal.App.2d 471, 483 [143 P.2d 373] [reference to theory of statutory violation omitted].)

Judgments affirmed.

Shinn, P. J., and Wood, J., concurred.

A petition for a rehearing was denied January 25, 1949, and appellant's petition for a hearing by the Supreme Court was denied February 24, 1949.