Albert KAUTZ, Plaintiff,

v.

The DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Defendant.

Civ. A. No. 3930.

United States District Court, M. D. Pennsylvania.

March 10, 1955.

Robert T. Gownley, Alphonsus L. Casey, Scranton, for plaintiff.

Gomer W. Morgan, Scranton, for defendant.

WATSON, Chief Judge.

This is a motion by the plaintiff for a new trial. The plaintiff brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51–60, to recover damages for personal injuries sustained on February 18, 1948, while employed at the locomotive shop of the defendant railroad company in Scranton, Pennsylvania. The plaintiff alleged that the injuries sustained by him were proximately caused by the negligence of the defendant, its agents, servants and employees.

The case was tried and at the close of plaintiff's evidence, the Court directed the jury to render a verdict for the defendant on the ground that there was no competent evidence of actionable negligence on the part of the defendant upon which a verdict could be based.

In passing upon the motion of the plaintiff for a new trial, the Court must consider the testimony in a light most favorable to the plaintiff. So viewed, the evidence tended to establish the facts as follows:

On February 18, 1948, the plaintiff was employed as a machinist helper in the Scranton locomotive shops of the defendant company under the supervision of Philip Leyshon a machinist and boss of the shop. The sole testimony as to the work being done and the manner in which the accident occurred was given by the plaintiff. The job in which the plaintiff was engaged was the removal of a tire from a locomotive wheel. The wheel was about 5½ feet in diameter and was on an axle; the axle was set upon steel "horses" so that the wheel was suspended about twelve inches from the floor. The tire was a steel rim, with flanges, running around the outside of the wheel. In order to remove the tire it was necessary to heat it by gas flame through holes in a pipe placed around the tire. This caused the tire to expand. When the tire expanded sufficiently, a safety chain was placed around the top of the tire and wheel, so that when the tire was knocked off, it would fall safely to the ground. On this particular operation Philip Leyshon placed the safety chain around the wheel and tire. The expanded tire was then knocked off the wheel with a sledge hammer and dropped to the floor, the tire resting on the floor. The chain was still on the tire, and the wheel.

The next step was to have the crane runner pick up the old tire with the crane and take it away. The crane runner was at the shop at this time. While waiting for the crane runner, plaintiff went to his locker, about twenty-five feet away, to get a sandwich. Before he left his place of work, plaintiff noticed that the tire was standing on the floor and resting against the wheel. He also noticed that the safety chain was around it and the wheel at the top. Plaintiff then walked

the twenty-five feet to his locker, got a sandwich, and stood there and ate it, waiting for the crane runner to come. Between the time that plaintiff left the place where he was working to get a sandwich and the time he came back, Philip Leyshon was the only person near the wheel. Plaintiff watched the place where he was working all the time he was having a sandwich. While waiting, plaintiff saw that Leyshon was engaged in getting a chain from the crane in order to hook it to the tire. When the crane runner approached over Leyshon's head, plaintiff walked back to the place where he was working. The crane runner hollered "Look-out". Plaintiff looked up and the tire fell over and hit him on the mouth. Plaintiff testified that when he came back to the place where he had been working, the chain was not around the tire but he did not know how the chain was removed or who removed it even though he watched that place while he was having a sandwich.

Plaintiff contends that because of the decisions of the United States Supreme Court in Lavender, Administrator v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Bailey, Administratrix v. Central Vermont Railway, Inc., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Urie v. Thompson, Trustee, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, and Stone v. New York, Chicago & St. Louis R. Co., 344 U.S. 407, 73 S.Ct. 358, 97 L.Ed. 441, this Court was bound to submit the issue of defendant's negligence to the jury.

In support of his position, plaintiff argues that because of these decisions and a few others containing similar language, every case of injury to a railroad employee must be submitted to the jury.

The provisions of the Federal Employers' Liability Act require that plaintiff's injury be caused at least in part by the negligence of the defendant. In the absence of negligence of the defendant as a causal factor in plaintiff's injury, there can be no recovery. Where plaintiff's evidence of negligence and causation amounts to nothing more than a scintilla, the Court must enter judgment for the defendant as a matter of law: Brady, Administratrix v. Southern Railway Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239. The cases of the Supreme Court of the United States relied upon by plaintiff do not hold otherwise. It is true that in some of those cases there is language used which would tend to diminish the power of a court to exercise its usual judicial control of a verdict where plaintiff's evidence falls below the minimum standard accepted as a basis for the establishment of liability. For example in Lavender v. Kurn, supra [327 U.S. 645, 66 S.Ct. 744], it is stated:

"It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable."

Although this statement seemingly enlarged the function of the jury under the facts of the case, it requires that the evidence be such "that fair-minded men may draw different inferences", and that there be an "evidentiary basis" to support the jury's verdict. The "speculation" portion of the above quotation was clarified by the Supreme Court of the United States in Moore, Administratrix v. Chesapeake & Ohio Railway Co., 340 U.S. 573, 71 S.Ct. 428, 430, 95 L.Ed. 547, where the court stated:

" * * * Speculation cannot supply the place of proof." In actions under the Federal Employers' Liability Act the Federal courts have consistently required that plaintiff furnish evidence of negligence and causation of a standard that a jury could reasonably find liability in order to sustain a verdict. Gill v. Pennsylvania Railroad Co., 3 Cir., 201 F.2d 718, certiorari denied 346 U.S. 816, 74 S.Ct. 27, 98 L.Ed. 343.

The attention of this Court is therefore directed to the question whether the evidence produced by the plaintiff in the instant case is such that a jury could reasonably find that defendant was negligent and that such negligence caused plaintiff's injury.

This Court concluded at the trial and is of the same opinion now that plaintiff's testimony failed to establish any negligence on the part of the defendant. In the first place, there is no direct testimony as to the purpose for which the chain was placed around the wheel and tire, although it may be inferred the purpose was to hold the tire upright while it was being knocked off the wheel with the sledge hammer.

In the second place, before the tire could be taken away by the crane, it is obvious that the chain necessarily had to be removed, and it may be inferred also that the chain was removed for that purpose; especially as, according to the plaintiff's testimony, the crane was over the tire when Leyshon was reaching for the crane chain to attach it to the tire.

In the third place, even if the chain was removed by Leyshon, no negligence can be inferred from that act, because there is nothing to indicate that the removal of the chain caused the tire to fall, and Leyshon could not be expected to anticipate that plaintiff, an experienced workman, would place himself in position where the tire might fall upon him. There is no evidence of any negligence in the manner in which Leyshon did his work, neither is there any evidence of any mechanical defect in the crane and equipment, the tire or wheel, or the floor of the shop, which might have caused the tire to fall. Nor is there any testimony as to the custom ordinarily followed when a tire is knocked off a wheel as described by plaintiff, or that the usual custom, with which he was thoroughly familiar, was not followed.

What did cause the tire to fall? There is no evidence of what caused it to fall, and, consequently, a jury should not be allowed to speculate upon the reason. See Direnzo v. Pittsburgh Bridge & Iron Works, 265 Pa. 561, 109 A. 279.

Furthermore, the doctrine of res ipsa loquitur and the doctrine of exclusive control are not applicable in the instant case.

There was no evidence upon which a reasonable and unprejudiced jury could properly find or infer that defendant was negligent.

Plaintiff's motion for a new trial will be denied and an appropriate order will be entered herewith.