[Civ. No. 16501.   First Dist., Div. One.   Jan. 13, 1956.]

LAWRENCE L. SMITH, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

Hildebrand, Bills & McLeod, D. W. Brobst and James A. Myers for Appellant.

Ricksen, Freeman & Johnson, Bledsoe, Smith, Cathcart, Johnson & Phelps and Stanley Johnson for Respondent.

BRAY, J.—In an action for damages for personal injuries, brought under the provisions of the Federal Employers' Liability Act,[1] plaintiff appeals from a judgment entered after a verdict in favor of defendant.

## QUESTIONS PRESENTED

Alleged errors: (1) Instructing with reference to choice of ways to work. (2) Use of "look out for his own safety" in an instruction. (3) Use of "more than a mere condition or remote cause" in an instruction.

## FACTS

As plaintiff does not question the sufficiency of the evidence to support the verdict in defendant's favor, a bare outline of the facts is sufficient.

Plaintiff, who had been employed by defendant for many years, was working as a baggage man on the "Cascade," a streamliner operating between Oakland, California, and Portland, Oregon. Included in the other baggage put on the train at Oakland was a large metal sample case. It was 7 to 7½ feet high, 4 to 5 feet square, and weighed about 300 pounds. Three or four men loaded it into the car. It was consigned to Eugene, Oregon, and was placed where it would be handier to unload at the station there, as there would be no one to help plaintiff get it out of the car. However, it was conceded that there were facilities to wire ahead and get help if plaintiff thought he needed it. He did not do so.

[1] 45 U.S.C.A. § 51.

Moreover, he testified he did not need help. At Eugene, a baggage truck (ordinary four-wheel baggage cart) pulled up to the car door in such a way that the platform of the truck was a little below the floor of the car. Plaintiff "walked" the case to the door. (This was a process of grabbing the case on the top corners, tipping it toward himself, and then by twisting and lifting the corners one at a time, a forward motion was obtained.) The case was too tall to go out the door standing upright. Plaintiff leaned the case backwards and attempted to "walk" it through the doorway. At the doorway there was a threshold which consisted of steel plates 3/8 to 1/2 inch above the car floor. (There was a hollow between the plates with a track for a sliding door. There was a conflict as to the exact nature of this threshold and as to whether the case could have been pushed across it without lifting.) What happened next is violently in dispute. Plaintiff claims that as he was attempting to get the case over the threshold, he felt, although he did not see, defendant's employee outside on the truck, give the case a yank from the bottom, throwing all the weight on plaintiff, causing the injury to his back for which damages are sought. The case then slid out the door onto the truck where the outside man stopped it from going off the truck. This man denied yanking or touching the case before the accident or in any way causing it to injure plaintiff. It was defendant's theory that plaintiff unloaded the case in a dangerous manner, that is, without assistance and without being able to see where the case was going; that he intended to "skid" it out the door onto the truck (he admitted that was his intention) which was 6 to 8 inches lower than the car floor, and that in doing so it suddenly shot out causing the weight of the upper end to fall, thereby causing the strain to plaintiff's back.[2] The jury evidently adopted this theory.

1. *Instruction on Choice of Ways to Work.*

■ The court instructed: "If you find from the evidence that Mr. Smith had a choice of ways to do the work in question, one of which ways was fraught with danger and risk of injury to himself and the other way was safe, and you further find that he voluntarily chose the unsafe or more dangerous way, then and in that event the defendant South-

---

[2]Defendant also contended that the back trouble of which plaintiff complains did not result from the incident at Eugene, if such incident occurred, but was a chronic condition. There is evidence to support this theory.

ern Pacific Company would not be liable for any injuries sustained by him, if the evidence discloses that the risk of injury was obvious and would have been avoided by a man of ordinary prudence.''

The cases cited by plaintiff in support of his contentions that the instruction states an erroneous rule of law and that it in effect states that contributory negligence will bar a recovery by the employee[3] are not in point. These cases[4] dealt with *places* of work which under certain conditions offered a dangerous *place* of work and held that if the employee had a choice and chose the more dangerous of the places the employer would still be liable and at most the employee would be guilty of contributory negligence which would not bar a recovery but could be considered in diminution of damages. But the rule is different where the question is of *manner* or *way* of work. Here the employee may not recover if reasonably having a choice he selects the dangerous one. See *Burnett* v. *Northern Pac. Ry. Co.*, 113 Mont. 253 [124 P.2d 307], where the employee chose to jump from a car instead of alighting a safe way. In upholding a judgment of nonsuit the court said (p. 310): ''If an employe has choice of ways of doing a thing in the course of his employment, one fraught with danger and risk of injury to himself and another way that is safe or less dangerous, and he voluntarily chooses the unsafe or more dangerous way, his employer is not liable for injury resulting therefrom, if the risk of injury is obvious and such as a man of ordinary prudence would avoid.'' See also *Koch* v. *Chicago & N. W. Ry. Co.*, 208 F.2d 152, where the manner in which the employee stood while unloading express from a car to a truck caused him to lose his balance and be injured. In upholding a directed verdict against him the court quoted from *Illinois Cent. R. Co.* v. *Swift*, 213 Ill. 307 [72 N.E. 737, 740]: '' 'Where . . . the employee is not directed to do the work in a specific manner, but is given a general order to perform the task, and is himself left to use his own discretion as to the manner in which the work shall be done, and there

---

[3]Under the Federal Employers' Liability Act, contributory negligence is not a bar to recovery, but may only be considered in diminution of damages.

[4]They are: *Wilkerson* v. *McCarthy*, 336 U.S. 53 [69 S.Ct. 413, 93 L.Ed. 497]; *Ellis* v. *Union Pac. R. Co.*, 329 U.S. 649 [67 S.Ct. 598, 91 L.Ed. 572]; *Perrett* v. *Southern Pac. Co.*, 73 Cal.App.2d 30 [165 P.2d 751]; *Ericksen* v. *Southern Pac. Co.*, 39 Cal.2d 374 [246 P.2d 642].

exists a safe way and a dangerous way, which are equally open to him, if he selects the unsafe method through heedlessness, or because it involves less exertion on his part, and injury to his person results, he cannot recover.' ''

■ The manner or method in which an employee chooses to do his work lies within his discretion and if he chooses a method which is obviously dangerous, this factor alone cannot be considered the negligence of the employer.[5] (See *Koch* v. *Chicago & N. W. Ry. Co., supra,* 208 F.2d 152 (which while not dealing with the Federal Employers' Liability Act is nevertheless applicable here); *Lambert* v. *Pennsylvania R. Co.,* 109 N.Y.S.2d 855; *Wolfe* v. *Henwood,* 162 F.2d 998, cert.den., 332 U.S. 773 [68 S.Ct. 88, 92 L.Ed. 357]; *Favre* v. *Louisville & N. R. Co.,* 180 Miss. 843 [178 So. 327]; *Wadiak* v. *Illinois Cent. R. Co.,* 208 F.2d 925.)

■ Thus the proper principle was stated in the instruction. ■ It does not in effect apply the principle of contributory negligence nor the doctrine of assumption of risk, both of which may not be asserted as defenses in a Federal Employers' Liability Act action.

■ The instruction was not complete in itself, due to the omission of the element that the choice of the dangerous method had to be the sole cause of plaintiff's injury. As said in *Reuter* v. *Hill,* 136 Cal.App. 67 [28 P.2d 390], where a formula instruction, criticized by the defendant, did not contain anything about contributory negligence, which was an issue in the case (pp. 75-76) : ''Formula instructions which purport to recite the facts of a case and direct the finding of a verdict in accordance therewith, but which omit essential elements constituting a complete defense to the action, have been repeatedly criticized by the courts. Occasionally such instructions have been held to be fatally erroneous. In the present case the challenged instruction above quoted omits reference to the question of the alleged contributory negligence of the plaintiff. The jury was, however, elsewhere clearly instructed regarding the doctrine of contributory negligence. . . .

''In view of the clear and correct instructions which were given to the jury in this case upon the subject of contributory

---

[5]It must be remembered that under the Federal Employers' Liability Act, the employee in order to hold the employer liable must prove that his injuries resulted in whole or in part from the negligence of the employer. Such employee *may not recover if his injury is due solely to his own negligence.* (*Trice* v. *Southern Pac. Co.,* 174 Cal. 89 [161 P. 1144].)

negligence, we are unable to say that the jury was misled by the foregoing challenged one. . . ."

See also *Barham* v. *Widing*, 210 Cal. 206 [291 P. 173], where nothing was said in a formula instruction about the defendant being negligent or not using reasonable care, and *Briscoe* v. *Pacific Elec. Ry. Co.*, 89 Cal.App.2d 439 [200 P.2d 875], where reference to contributory negligence was omitted from a formula instruction.

Considering the instruction in connection with all the other instructions, as both the jury and we are required to do, the giving of it could not have been prejudicial as it is obvious that the jury were instructed that they must find that the choice of the dangerous method must have been the sole cause of plaintiff's injury in order to absolve the defendant. Also as applied to the circumstances of this case, the instruction was sufficiently definite to apprise the jury that the dangerous way or method must be one which is not furnished by the employer but is chosen by the employee. Actually, the only issue before the jury so far as negligence of defendant was concerned, was whether the outside baggage man had jerked the case. Plaintiff says in his reply brief: ". . . as a matter of fact liability of the respondent depends on whether or not its employee, without telling or warning the appellant, yanked on the sample trunk." The sole charge of negligence in the complaint is that "said fellow employee carelessly and negligently conducted himself in that the bottom of said case was caused to be suddenly and improperly pulled away from plaintiff, thereby causing the entire weight of said case to suddenly fall against plaintiff's body. . . ."

Full and complete instructions were given on all the questions upon which the jury was required to pass. Among other instructions given were ones to the effect that the employer must supply a reasonably safe place to work and appliances, the fact that contributory negligence would not bar a recovery, and the fact that the jury must consider the instructions as a whole.

2. *Employee Must "Look Out for His Own Safety."*

The court instructed: "There is a rule of law which requires an employee working on a railroad to look out for his own safety. If you find from this evidence in this case that plaintiff did not use ordinary care to look out for his own safety, and such failure on his part was the sole, proximate cause of his injury, then I instruct you that your ver-

dict must be against the plaintiff and in favor of the defendant."

Plaintiff contends the giving of the first sentence therein was error, contending, in effect, that the use of the words "look out for his own safety" required a higher standard than ordinary care. We are satisfied that the entire instruction, when considered with all the other instructions on the employee's duty, could not possibly have been understood as meaning anything but that an employee is required to look out for his own safety by using ordinary care only. The instruction merely stated the rule of law set forth in the following cases: "The rule of law is sound which requires an employee working in and about a railroad yard to look out for his own safety." (*Frabutt* v. *New York, C. & St. L. R. Co.*, 88 F.Supp. 821, 827; see also *Atlantic Coast Line R. Co.* v. *Dixon*, 189 F.2d 525, cert.den., 342 U.S. 830; *Foreman* v. *Texas & New Orleans R. Co.*, 205 F.2d 79; *Davidson* v. *Gardner*, 172 F.2d 188.) ■ Moreover, "It is also well established that a reviewing court should adopt the construction and effect of an instruction which will support rather than defeat the judgment if it is reasonably susceptible of such interpretation." (*Mullanix* v. *Basich*, 67 Cal.App. 2d 675, 681 [155 P.2d 130].) This instruction is manifestly susceptible of such interpretation.

3. *"Remote" Negligence.*

■ The court instructed: "You are instructed, before responsibility for negligence can be imputed to the employer, the plaintiff has the burden of proving that such negligence was more than a mere condition or remote cause of the injury complained of, and of proving that it was a proximate cause of such injury."

We are frank to state that in view of the well settled rule that the employer's negligence does not have to be the sole proximate cause of the employee's injury, and that it is sufficient if such negligence is *a* proximate cause (see *Carter* v. *Atlanta & St.A.B.R. Co.*, 338 U.S. 430 [70 S.Ct. 226, 94 L.Ed. 236]; *Union Pac. R. Co.* v. *Hadley*, 246 U.S. 330 [38 S.Ct., 318, 62 L.Ed. 751]) we do not understand what was intended by "a mere condition or remote cause." However, in view of the other instructions and the issue of whether the fellow employee yanked the case, there could not possibly have been any prejudice in the giving of this instruction. The court several times instructed to the effect that the

employer's negligence need only be *a* contributing cause and that plaintiff could recover unless his negligence was the *sole* cause of his injury. It further instructed that defendant would be free from liability "only where the railroad's negligent act is no part of the causation."

It must be remembered that "The courts will not consider an instruction as merely an abstract statement of legal principles. [Citations.] It must be measured by the circumstances of the case in which it was given." (*Adams* v. *American President Lines*, 23 Cal.2d 681, 688 [146 P.2d 1].) So measured we find that the instructions complained of are neither conflicting with themselves or the other instructions. Nor, with the possible exception of the last instruction are any of them ambiguous, and any ambiguity in that instruction is cleared up by the instructions as a whole.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 8, 1956. Carter, J., was of the opinion that the petition should be granted.