**B. D. COLLINS, Appellant,**

**v.**

**SINGER SEWING MACHINE COM-PANY, Appellee.**

**No. 16179.**

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1957.

Jack G. Banner, Philip S. Kouri, Kouri & Banner, Wichita Falls, Tex., for appellant.

Stanley Kirk, Harold Jones, Jones, Parish & Fillmore, Wichita Falls, Tex., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, B. D. Collins, was an employee of the appellee, Singer Sewing Machine Company, in Houston, Texas. For it he undertook the delivery of a pedal-type sewing machine weighing perhaps a hundred pounds, possibly more, up a flight of stairs to the garage apartment residence of the purchaser of the machine. The appellant had been delivering sewing machines for the appellee for several months and had previously done like work for another employer for a period of two years. He had made unaided deliveries of similar machines on prior occasions. He was forty-two years of age. At the time the machine was bought the purchaser told the appellee's

clerk that the stairway was "right straight up and down". This report was not passed on to the appellant. As the appellant was about to start upstairs with the machine he received an offer of help from the purchaser's husband. The husband had a stiff hip and could not back up a stairway. This information he imparted to the appellant. The appellant, who had already seen the stairway and knew what the job was, told the purchaser's husband "to leave it alone and let me carry it up." Believing that he could carry the machine up the stairs without trouble or incident, and foreseeing no danger in doing so, the appellant carried the machine up the stairway. In making a turn past an icebox at the head of the stairs the appellant slipped, twisted, and sustained an injury to his back. Although eligible, the appellee was not a subscriber under the Workmen's Compensation Act of Texas. Rev.Civ.Stat. Tex. Art. 8306, Vernon's Ann.Civ.St. The appellant brought suit against the appellee for damages resulting from his injury and alleged that the employer was negligent (1) in failing to provide the appellant a safe place to work, (2) in failing to provide additional help after having notice of the condition of the stairway, (3) in failing to furnish proper tools, appliances, equipment and facilities, and (4) in failing to notify appellant of the condition of the stairway. At the close of the testimony the appellee moved for an instructed verdict on the ground that it was not shown that it should have foreseen the injury. The motion was overruled with a comment by the judge that "it's a point that under the rules is reserved for later consideration if the court might feel so disposed." The issues of negligence and damages were submitted to a jury which returned a verdict for the appellant in the amount of $6,750.00. Treating appellee's motion for an instructed verdict as a motion for a judgment notwithstanding the verdict, Fed.R.Civ.P. 50(b), 28 U.S.C.A., the Court granted such motion and entered judgment for the appellee. This appeal followed.

■ Failure to provide tools and equipment, asserted in the complaint as a ground of appellee's negligence, is disposed of by the appellant's testimony that he knew of no tools or equipment that could have been supplied to facilitate the moving of a sewing machine up a flight of stairs. The duty of an employer to furnish an employee with a safe place to work does not ordinarily apply to premises over which the employer has no control. 35 Am.Jur. 602, Master and Servant, § 174. It is not actionable negligence for an employer to fail to warn a mature and experienced employee of a condition such as the steepness of a stairway which would be apparent upon a casual inspection and which did become known to the employee before the injury. Cf. 35 Am.Jur. 573, Master and Servant, § 142. The remaining question is whether there was a negligent failure of the appellee to furnish assistance to the appellant in moving the sewing machine up the stairway and into the apartment of the purchaser. The Texas rule by which we are bound is set forth in Great Atlantic & Pacific Tea Co. v. Evans, 142 Tex. 1, 175 S.W. 2d 249, and in Sears, Roebuck & Co. v. Talley, 5 Cir., 1956, 239 F.2d 82. In the case last cited the Texas authorities are reviewed and it would be superfluous to cover the same ground at this time. Negligence resulting in injury was not shown and the trial court properly entered its judgment for the appellee. That judgment is

Affirmed.