[Civ. No. 10200.   Third Dist.   Dec. 12, 1962.]

BENJAMIN BAEZ, Plaintiff and Appellant, v. SOUTHERN PACIFIC COMPANY, Defendant and Respondent.

Thomas W. Loris and D. W. Brobst for Plaintiff and Appellant.

Devlin, Diepenbrock, Wulff & Plant for Defendant and Respondent.

PEEK, P. J.—Plaintiff Baez appeals from an adverse judgment in an action brought to recover damages for personal injuries sustained in the course of his employment with defendant Southern Pacific Company. The action was brought under the provisions of the Federal Employers' Liability Act (45 U.S.C.A. § 51).

The complaint alleged that the defendant employer "was negligent in their operations as a railroad company in that they permitted plaintiff to work and install windows [on a dome car] without sufficient help and adequate and proper tools and scaffolding," that "defendant was negligent in failing to provide the plaintiff with a safe place to perform his work and duties" and "defendant negligently supervised plaintiff in the premises."

The evidence produced at the trial disclosed that plaintiff was first employed by Southern Pacific in 1937 and at the time of the accident was rated as a journeyman carman—one who does all phases of construction and repair of railroad freight and passenger cars. While installing the entire window assembly of a dome car, consisting of the metal frame and glass weighing about 130 pounds, he was injured.

The dome cars, which were approximately 13 feet high, were placed in a section of track between two fixed scaffolds, each about 10 or 12 feet high, with flooring about 2 feet wide. The distance between the edge of the scaffold and the car was about 9 inches. Two workmen would lift the window sash from the scaffold some 15 inches and insert it in the frame on the car.

Plaintiff was not instructed as to the precise method of the installation. He testified that he took hold of one end of the sash and his helper, one Visker, took the other; that it was necessary to squat to lift the sash; and that after he did so he shifted one leg to the sill of the car and kept the other on the scaffolding and from that position moved the sash forward to set it in place. As he was setting the sash in place he felt a catch in his back, resulting in the injury of which he now complains.

There was evidence that plaintiff had stated on several occasions that he had injured his back when he stepped from the scaffold into the car.

Defendant submitted medical evidence that plaintiff was suffering from a preexisting degenerative spinal disc which was the major cause of his trouble, and that the back strain, if any, was at most only an incidental factor to his injury.

Defendant also introduced testimony that the work could be accomplished without difficulty with both feet implanted on the scaffolding and that this was the proper method to use.

Plaintiff first attacks the action of the trial court for granting a nonsuit on the issue of negligent supervision. His argument in this regard is that he was not instructed as to the manner in which the sash should be lifted and furthermore, the supervisor was negligent in failing to correct him during the three days he had been installing the sash.

The common-law duty of warning or instructing an employee is aptly set forth by Dean Prosser in his work on Torts, as follows:

''A further obligation was to warn the servant of any dangers connected with the work of which the master knew, or which he might discover with proper care, and of which the servant might reasonably be expected to remain in ignorance. This was particularly true in the case of young or inexperienced employees, who must be given instructions suitable to their age, intelligence and knowledge, and to the risk to be encountered. But the employer was 'only required to do what a prudent master would do under like circumstances.' No warning need be given of a danger which should be obvious to the servant, such as that of revolving rollers, of stepping out of a cinder pit when trains are passing, or of standing on a bench likely to tip. And as to an experienced workman, the employer was justified in assuming that he was aware of the ordinary dangers of his work, although they might not be apparent to one unfamiliar with it." (Prosser, Torts [2d ed. 1955] § 67, p. 376; see also *Cordova* v. *Atchison, T. & S.F. Ry. Co.*, 198 Cal.App.2d 161 [18 Cal.Rptr. 144].)

Generally under the Federal Employers' Liability Act for an employee to recover it must be shown that the employee's injury was caused at least in part by the negligence of the employer; hence in the absence of such negligence there is no liability. (*Kautz* v. *Delaware, Lackawanna & Western R.R. Co.*, 129 F.Supp. 777; *Chicago & North Western Ry. Co.* v. *Chicago, R.I. & P.R.R. Co.*, 179 F.Supp. 33.) The employer is not the insurer of the safety of its employees and the test of the employer's liability to an injured employee is whether ordinary care was used by the employer in regard to the risk. (*Fort Worth & Denver City Ry. Co.* v. *Smith*, 206 F.2d 667.)

Under the facts in the instant case no particular skill was required; only ordinary intelligence and physical strength

was necessary to accomplish the job. Under such circumstances there was no duty on the part of defendant to instruct or warn plaintiff. (See *Pruitt* v. *Norfolk Western Ry. Co.*, 188 Ky. 204 [221 S.W. 552]; *B. D. Collins* v. *Singer Sewing Machine Co.*, 239 F.2d 705.) ■ Thus it has been held that where an employee is given only a general order to perform a task and is given discretion as to the manner in which it shall be performed and the employee chooses an unsafe method when an equally safe method is available, he cannot recover. (*Smith* v. *Southern Pac. Co.*, 138 Cal.App.2d 459 [292 P.2d 66].)

The second phase of the question of adequate supervision is concerned with the question of whether negligent supervision was shown by the fact that plaintiff was not corrected as to the manner of lifting the sash during the three or four days prior to the time of the accident that he was installing it. Or, stating the question in another way, was defendant's supervisor negligent in permitting plaintiff to lift the sash in the manner he did? ■ The evidence disclosed plaintiff was an experienced carman who could build a car from the wheels up. There is no showing that the supervisor ever saw plaintiff doing the particular work in question. While there is some evidence that plaintiff had worked for three or four days at this job, there is none to show how many times he lifted the sash; nor is there any evidence that the supervisor made inspection of the work habits of the carmen in installing the sash.

Since the work was not difficult and there was a safe way of doing the same, it follows that plaintiff has failed to show any negligence on the part of defendant insofar as negligent supervision is concerned.

■ Plaintiff also questions the propriety of certain instructions. He complains because the court instructed the jury that "The employer's duty to its employees is to use reasonable care and prudence to the end that the place in which they are required to work, is reasonably suitable and safe for the purpose, and in the circumstances, in which it is to be used. The test is not whether the place in which the work is to be performed is absolutely safe, nor whether the employer knew it to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make it safe."

This instruction adequately set forth the employer's duty of care and was proper. (See *Atlantic Coast Line R.R. Co.* v. *Dixon*, 189 F.2d 525.)

Another instruction challenged read: "You are instructed that under the Federal Employers' Liability Act the employer is not liable for those risks or dangers which it could not avoid in the observance of its duty of due care. Industrial enterprise entails for all those engaged in it certain hazards of life and limb which no amount of care on the part of the employer can avoid, and for which, therefore, there is no liability under this act."

Plaintiff contends that this instruction erroneously injected the issue of assumption of risk into the case. We do not agree. As stated in *Crowder* v. *Atchison, T. & S. F. Ry. Co.,* 117 Cal.App.2d 568, 574 [256 P.2d 85]:

"When correctly analyzed this instruction simply told the jury that unless the defendant was negligent and such negligence, in whole or in part, proximately caused plaintiff's injuries, he could not recover. This is a correct statement of the law. [Citation.] True the instruction uses the terms 'risks' and 'hazards' but there appears no intimation that plaintiff is required to assume any risk or hazard which flows from defendant's failure to use reasonable care. It is thus plain that the instruction relates only to negligence and proximate cause and does not even by indirection introduce the question of assumption of risk."

Plaintiff further challenged the standard instruction on due care (BAJI No. 303-G), which reads as follows:

"To be entitled to recover in this action the plaintiff must prove by a preponderance of evidence that the defendant was negligent and that its negligence was a proximate cause of injury of which the plaintiff complains. That burden of proof is not fulfilled by merely showing that the plaintiff was injured while on duty on the premises of the defendant. In the absence of evidence to the contrary, a presumption exists that the defendant exercised ordinary care and performed its duty under the law. That presumption can be overcome by evidence, but only by evidence which, when weighed against the presumption and its supporting evidence, if any, has more convincing force, and from which it results that the greater probability of truth lies therein."

We think that the instruction was erroneous. The issues that were presented to the jury were whether the defendant was negligent because it failed to provide plaintiff with sufficient help, proper tools and scaffolding, and whether it failed to provide him with a safe place to perform his duties. There was no question in this case as to the help provided, the

tools provided, and the working place provided. Either the plaintiff proved negligence or he did not. ''It is now firmly established that the presumption that a person has exercised due care is dispelled from the case and is entitled to no probative value when the litigant invoking the presumption has introduced evidence encompassing the subject matter of the presumption.'' (*Stout* v. *Southern Pac. R.R. Co.*, 127 Cal. App.2d 491, 496 [274 P.2d 194].)

■ While error appears in the record, the question is whether the error requires a reversal of the judgment under the provisions of article 6, section 4½ of the California Constitution. The evidence is clear that plaintiff, an experienced workman, chose an unsafe method of performing a simple task. We do not believe that it is reasonably probable that a result more favorable to the plaintiff would have been reached in the absence of the error. (*People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243].)

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.

A petition for a rehearing was denied January 7, 1963, and appellant's petition for a hearing by the Supreme Court was denied February 6, 1963. Peek, J., did not participate therein.